0717

Mary E. JESSUP and Barbara Jean McNeil, Respondents v. Carol Ann HANSEN, Appellant.

(344 S. E. (2d) 618)

Court of Appeals

*John L. Choate* and *Charles R. Norris,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*John Mason,* Columbia, *for respondents.*

Heard April 14, 1986.

Decided May 19, 1986.

SHAW, Judge:

This is an appeal from a circuit court ruling granting respondents Mary E. Jessup and Barbara Jean McNeil a new trial against appellant Carol Ann Hansen based on insufficiency of a damages award by a jury. We affirm.

This case arose when the vehicle operated by Hansen struck the rear of the vehicle operated by McNeil in which Jessup was a passenger. Hansen admitted fault but denied causing any personal injury to McNeil and Jessup.

The cases were tried jointly and a jury returned a verdict of $900.00 for McNeil and $1,700.00 for Jessup.

At the end of Hansen's case, both McNeil and Jessup moved for a directed verdict for actual damages which was denied.

At trial McNeil presented uncontroverted evidence the cost of repair to her vehicle was $1,556.00. McNeil's medical bills totaled $1,162.82. Jessup's medical bills totaled $3,529.43. Also, both lost time from work because of the injuries.

Following the verdicts, both McNeil and Jessup moved for a new trial based upon the inadequacy of the verdicts which was granted.

Appellant Hansen claims error in the following:

1. The trial judge's refusal to inspect McNeil's vehicle.
2. The trial judge's granting of a new trial based on inadequacy of damages while charging the jury damages must be proven by the greater weight of evidence.
3. The trial judge's holding McNeil and Jessup were entitled to recover at least their special damages.

### 1.

Regarding the failure of the trial judge to inspect the vehicle there is a question as to whether he was specifically requested to do so. Even so, it is within the judge's discretion to admit or deny evidence, view or not to view premises or objects according to the unfolding of each case, especially if it will not aid in his decision to grant or deny a motion for a new trial. *Jenkins v. Dixie Specialty Co.*, 284 S. C. 425, 326 S. E. (2d) 658 (1985).

We hold the trial judge properly ruled.

### 2.

Hansen claims error in granting a new trial based on the verdict being contrary to the fair preponderance of the evidence. Not only does a trial judge have the discretion but also the duty to grant a new trial if the jury verdict is contrary to the fair preponderance of the evidence. *Mack v. Frito-Lay, Inc.*, 243 S. C. 376, 133 S. E. (2d) 833 (1963). *Dent v. Redd*, 270 S. C. 585, 243 S. E. (2d) 460 (1978).

We hold the trial judge properly ruled.

### 3.

Hansen also claims the trial court erred in ruling Jessup and McNeil are entitled to recover at least their special or actual damages. Hansen simply misreads the trial court's order.

The order clearly states the verdicts are "without any rational support in the evidence," and concludes, "Based upon the evidence it is clear to this Court that the verdict in each case is contrary to the fair preponderance of the evidence...."

We find the order does not rule, as Hansen argues, a plaintiff is entitled as a matter of law to his actual damages.

Affirmed.

SANDERS, C. J., and BELL, J., concur.