0108

Michael DAVENPORT, a Minor over Fourteen (14) Years of Age, by his Guardian ad Litem, Carrie Ethel Davenport, Appellant, v. Ralph WALKER, Respondent, and Carrie Ethel DAVENPORT, Appellant, v. Ralph WALKER, Respondent.

(313 S. E. (2d) 354)

Court of Appeals

*James R. Mann,* Greenville, *for appellants.*

*William M. Grant, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

March 2, 1984.

SANDERS, Chief Judge:

Appellant Michael Davenport, age 15, was struck by a car and injured while he was riding a bicycle. He sued respondent Ralph Walker, the driver of the car, for his personal injuries. His mother, appellant Carrie Ethel Davenport, also sued Walker for damages which she is alleged to have suffered as a result of her son's injuries. The trial judge directed a verdict for Walker. We reverse.

Michael Davenport was struck by the car being driven by Walker as he crossed a public road and was about to enter a private driveway. The right front of the Walker car hit his right hip and thigh and the seat and rear wheel of his bicycle. There was conflicting testimony as to whether Michael stopped his bicycle at a stop sign and looked both ways before attempting to cross the road. Michael's own testimony on this question was contradictory. At one point he said he "barely stopped," then he said he "thought" he stopped. Finally on cross examination, he said he "almost stopped but not exactly," and he surmised that if he had stopped and looked he would have seen the Walker car. However, another witness testified Michael did come to a complete stop. Still another testified he did not. Two witnesses testified he looked before starting across the road.

As to the misconduct of Walker, there was testimony he looked away from the road to wave to some people immediately prior to striking Michael. Walker testified he did not remember if he waved. There was undisputed testimony Walker did not see Michael, did not sound his horn, did not apply his brakes, and did not swerve to avoid hitting him. There was also testimony Walker knew there were a lot of children and a nearby playground in the area. Walker testified there were "not too many" children on the particular road.[1] A witness testified Walker was driving around 35 miles

---

[1] A motorist driving in an area known to be populated by playing children has an intensified duty to be vigilant. *Mahaffey v. Ahl*, 264 S. C. 241, 214 S. E. (2d) 119 (1975).

per hour. Walker testified he was driving "around twenty-five, thirty miles an hour, I guess."

Based on this evidence the trial judge directed a verdict for Walker on the grounds there was no evidence of negligence by Walker; instead, the evidence showed that Michael himself was negligent and this negligence was the proximate cause of his injuries. Further, even if Walker was negligent, Michael was guilty of contributory negligence and recklessness as a matter of law. Our view of the evidence is otherwise.

As our Supreme Court stated in *Kennedy v. Custom Ice Equipment Company, Inc.*, 271 S. C. 171, 246 S. E. (2d) 176 (1978), quoting *Wilson v. Marshall,* 260 S. C. 271, 195 S. E. (2d) 610 (1973):

> Questions of negligence, proximate cause and contributory negligence are ordinarily questions of fact for the jury, as to which the trial court's only function is to inquire whether particular conclusions are or not the only reasonable inferences to be drawn from the evidence. If the facts in controversy and the inferences deducible therefrom are doubtful, or if they tend to show both parties guilty of negligence or willfulness, and there may be a fair difference of opinion as to whose act or whose acts produced or contributed to the injury complained of as a direct and proximate cause, questions of negligence, proximate cause and contributory negligence should be submitted to the jury. *Id.* at 175, 246 S. E. (2d) at 178.

Judging the credibility of testimony of witnesses is a function of the jury, not the court, as is determining the weight to be given that testimony. *Tisdale v. Kerr McGee Chemical Corporation,* 266 S. C. 64, 221 S. E. (2d) 531 (1976). Where there is any testimony to go to the jury on an issue, the trial judge must submit the case, even if the witnesses of a party contradict each other or a single witness makes conflicting statements. *Kizer v. Woodmen of the World,* 177 S. C. 70, 180 S. E. 804 (1935). This principle applies to contradictions in the testimony of a party as well as other witnesses. *Anderson v. Hampton & Branchville Railroad & Lumber Co.,* 134 S. C. 185, 132 S. E. 47 (1926).

On appeal from an order granting a directed verdict, this Court views the evidence in the light most favorable to the party resisting the motion. If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created. *Clayton v. General Motors Corporation,* 277 S. C. 259, 286 S. E. (2d) 129 (1982).

In viewing the testimony here in the light most favorable to the Davenports, we conclude this case should have been submitted to the jury on the issues of (1) whether Walker was negligent or reckless, (2) whether Walker's misconduct was the proximate cause of the accident, (3) whether Michael was negligent or reckless, (4) whether Michael's misconduct was the proximate cause of the accident, and (5) whether Michael's misconduct bars recovery as contributory negligence or recklessness.[2]

Therefore, we hold the trial judge erred in directing a verdict for Walker.

Accordingly, this case is

Reversed and remanded.

SHAW and BELL, JJ., concur.

---

[2] Simple contributory negligence does not constitute a defense to recklessness. *Oliver v. Blakeney,* 244 S. C. 565, 137 S. E. (2d) 772 (1964).