22243

Jack L. JENKINS, d/b/a/ Jack's Villa, Respondent, v. DIXIE SPECIALTY CO., INC., Appellant.

(326 S. E. (2d) 658)

Supreme Court

*John A. Mason*, Columbia, *for appellant.*

*Robert F. Fuller*, Columbia, *for respondent.*

Heard Jan. 23, 1984.

Decided Feb. 21, 1985.

NESS, Justice:

In this tort action respondent Jack L. Jenkins, d/b/a/ Jack's Villa was awarded a jury verdict in the amount of $12,500 for mud and water damage to his building caused by negligent grading and road construction by appellant Dixie Specialty Company, Inc. We affirm.

Dixie's property is situated atop a steep incline above Jenkins' place of business. It obtained a permit from the highway department to lower the grade of the incline and replace the ditches on the highway right-of-way. Dixie failed to restore the drainage ditches on either side of the road as required by the permit. During a heavy rainfall, water and mud flooded Jenkins' building causing extensive damage.

■ Dixie first alleges the trial court erred in admitting into evidence a written estimate of the cost of repairs. We disagree.

Jenkins' contractor inspected the damage in 1979, immediately following the flooding. He testified he could have made the necessary repairs at that time for $8,900. By the time of trial in 1983, however, inflation had increased the cost of repairs by $2,500.

The repairs estimate was a document made and kept in the regular course of the contractor's business. It was therefore a business record. *State v. McFarlane*, 279 S. C. 327, 306 S. E. (2d) 611 (1983). It was identified by the witness who had personally prepared it shortly after the flooding occurred. We hold it was properly admitted into evidence under the Uniform Business Records Act, S. C. Code Ann. § 19-5-510 *et seq.* (Supp. 1983).

■ Dixie contends the trial court erred by not personally viewing the scene before denying its motion for a new trial or a new trial *nisi.* We disagree.

The trial judge allowed the jury to view the location of the parties' properties. No inspection was made of the interior of Jenkins' building because the flood damage had been repaired by the time of trial.

A majority of this Court has held, in an eminent domain case, that under certain circumstances the trial judge should

view the scene before ruling on a motion for a new trial *nisi*. *South Carolina State Highway Department v. Townsend*, 265 S. C. 253, 217 S. E. (2d) 778 (1975).

Under the facts of this case, the judge's inspection of the exterior of the properties would not have aided him in his determination. Under these facts, we hold the trial judge, in his discretion, properly declined to view the scene before denying the motion for a new trial or a new trial *nisi*.

Dixie maintains the trial court erred by refusing to grant a new trial or a new trial *nisi* based on excessive damages. We disagree.

A motion for a new trial or a new trial *nisi* is directed to the trial judge's discretion and will be upheld unless the verdict is wholly unsupported by the evidence or so excessive as to be the result of caprice, passion, prejudice or sympathy. *Mishow v. Atlantic Coast Line Railroad Company*, 186 S. C. 402, 197 S. E. 97 (1938). This exception is without merit.

Finally Dixie argues the trial court erred in failing to grant a new trial or a new trial *nisi* because Jenkins was contributorily negligent for owning property on low land, the heavy rainfall was an act of God, and Dixie had provided drainage ditches at least equal in capacity to the originals.

We find no merit in this exception. These matters were all questions of fact which were solely for determination by the jury.

Affirmed.

LITTLEJOHN, C. J., and HARWELL and CHANDLER, JJ., concur.

GREGORY, J., not participating.