0899

Angela WILKES, Respondent v. Lionel Anthony MOSES, Appellant.

(354 S. E. (2d) 403)

Court of Appeals

*William B. Woods,* of *Brown & Woods,* Columbia, *for appellant.*

*J. Edward Bell, III* of *Bell, Floyd & Belk,* Sumter, *for respondent.*

Heard Jan. 20, 1987.

Decided March 16, 1987.

GARDNER, Judge:

In this personal injury action brought by Angela Wilkes (the plaintiff) against Lionel Anthony Moses (the defendant), the jury awarded the plaintiff $700,000 actual damages and $300,000 punitive damages. We affirm.

The dispositive issue before us is whether the trial judge erred in failing to grant the defendant's post-verdict motions for a new trial absolute or, in the alternative, for a new

trial nisi.

We briefly review the facts. The accident occurred in 1984 when the defendant broadsided the plaintiff; the defendant ran from the scene of the accident and was later apprehended. Several on-scene witnesses testified that the defendant was intoxicated; he registered .26 on the breathalyzer test.

The plaintiff received extensive permanent injuries to her left arm. Lay witnesses at the scene described the injury as a gaping injury where some bone and a lot of tissue were ripped off the arm; one on-scene witness testified that Wilkes was traumatized and in shock. The plaintiff was hospitalized for 28 days and underwent corrective surgery and from the evidence of record, it appears she may have surgery in the future. The accumulated medical expenses at the time of trial were $23,229.45.

Plaintiff's expert witness testified that the plaintiff suffered 30 percent permanent impairment to her left arm; this in addition to the scarring involved.

There is an abundance of testimony of record as to the severe pain which the plaintiff endured and also about her embarrassment caused by the scarring.

The plaintiff was 25 years old at the time of the accident; her life expectancy then was 52.34 years.

We have carefully reviewed the entire record. A trial judge's decision not to grant a new trial or a new trial nisi can be reversed only where the verdict is so grossly and shockingly excessive as to show passion, partiality, prejudice or corruption on the part of the jury. *Jenkins v. Dixie Specialty Co., Inc.*, 284 S. C. 425, 326 S. E. (2d) 658 (1985); *see also Hicks v. Herring*, 246 S. C. 249, 144 S. E. (2d) 151 (1965); there the court held that the same rule is applicable to punitive damages.

In review of the evidence of record, we find no abuse of discretion in the trial judge's refusal to grant the post-verdict motions.

For the foregoing reasons, the appealed order is affirmed.

Affirmed.

SHAW and BELL, JJ., concur.