1010

Deborah K. FREEMAN, Respondent v. A. & M. MOBILE HOME SALES, INC., Luann Croy and Commodore Financial, formerly known as J. K. Financial. Appeal of COMMODORE FINANCIAL.

(359 S. E. (2d) 532)

Court of Appeals

256

*Kermit S. King* and *Ronald M. Childress,* of *Childress & Mille,* Columbia, *for appellant.*

*W. Paul Culbertson* and *J. Michael Turner,* Laurens, *for respondent.*

Heard June 22, 1987.

Decided Aug. 10, 1987.

GOOLSBY, Judge:

This action by Deborah K. Freeman against the defendants, A. & M. Mobile Homes Sales, Inc., and Luann Croy, and against the appellant, Commodore Financial, formerly known as J. K. Financial, involves causes of action for fraud, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and violation of the South Carolina Consumer

Protection Code ("SCCPC"). The jury, so far as relevant here, awarded Freeman $5,000 in actual damages against Commodore on each of these causes of action and $40,000 in punitive damages against Commodore on the fraud cause of action alone.

On Commodore's motion, the trial judge, as we interpret his order, reduced the amount of actual damages to $1,751 on each cause of action, leaving intact the punitive damages awarded on the fraud cause of action. On Freeman's motion, the trial judge, pursuant to the SCUTPA, trebled to $5,253 the actual damages awarded Freeman on the SCUTPA cause of action and awarded her a $1,000 statutory penalty under the SCCPC and $4,200 in attorney fees under both the SCUTPA and the SCCPC. The trial judge, however, limited Freeman's collection of actual damages from Commodore to the actual damages that he trebled pursuant to the SCUTPA.

Commodore's questions on appeal relate to the sufficiency of the evidence as to all three causes of action, to the propriety of the actual and punitive damages awarded by the jury, to the trial judge's failure to eliminate punitive damages altogether, to the trial judge's trebling of actual damages, to the trial judge's imposition of the statutory penalty, and to the trial judge's award of attorney fees.

We affirm.

Freeman's causes of action center around misrepresentations allegedly made by A. & M., Croy, and Commodore regarding documents to prove ownership of a mobile home advertised for sale by Croy, purchased by Freeman through A. & M., and financed and later repossessed by Commodore.

## I.

By two exceptions, Nos. 1 and 2, Commodore questions the failure of the trial judge to grant its motion for "directed verdict" made "at the close of [Freeman's] case in chief as to the [s]econd and [f]ifth [c]auses of [a]ction." Freeman's second cause of action alleges a violation of the SCUTPA [see S. C. Code of Laws §§ 39-5-10 et seq. (1976)] and her fifth cause of action alleges a violation of the SCCPC. Id. §§ 37-1-101 et seq. The question apparently embracing these two exceptions reads, "Was a motion for involuntary nonsuit

improperly denied where plaintiff's testimony failed to establish essential elements of her causes of action?" This question is argued beneath a statement that declares, "The plaintiff presented no evidence to establish essential elements of fraud, unfair trade practice or violation of the consumer protection code."

Commodore made no motion for either a nonsuit or directed verdict as to Freeman's cause of action for fraud, although it did make a motion for directed verdict at the end of Freeman's case on Freeman's causes of action alleging violations of the SCUTPA and of the SCCPC. The trial court denied the motion and Commodore proceeded to introduce evidence. Commodore failed, however, to make a motion for directed verdict at the end of all the evidence as to any cause of action.

Commodore's failure to make a motion for directed verdict after all the evidence was in precludes our review of its exceptions questioning the sufficiency of the evidence to support Freeman's causes of action for fraud, violation of the SCUTPA, and violation of the SCCPC. *See Evans v. Wabash Life Insurance Company*, 247 S. C. 464, 148 S. E. (2d) 153 (1966) (appellate review of the sufficiency of the evidence is unavailable where the defendant's motion to strike made at the conclusion of the plaintiff's testimony was overruled, the defendant thereafter presented evidence, and the defendant did not renew its motion to strike and did not move for a directed verdict, even treating the motion to strike as the equivalent of a motion for nonsuit); *McCown v. Muldrow*, 91 S. C. 523, 540, 74 S. E. 386, 392 (1912) (" 'Where, on the trial of a civil action, the defendant at the close of the plaintiff's evidence moves for a verdict thereon in his favor, and on excepting to the decision of the court overruling such motion introduces evidence to support his grounds of defense, and rests without renewing the motion at the close of all the evidence, the exception is deemed to be waived and it is no longer a predicate for error in a reviewing court.' ").

We do not overlook that one of Commodore's post-trial motions was a motion for judgment notwithstanding the verdict. Before a motion for judgment notwithstanding the verdict can properly be made, however, a party must move for a directed verdict at the close of all

the evidence. *Hall v. Walters*, 226 S. C. 430, 85 S. E. (2d) 729 (1955), *cert. denied*, 349 U. S. 953, 75 S. Ct. 881, 99 L. Ed. 1277 (1955); S. C. R. CIV. P. 50(b); H. LIGHTSEY AND J. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 377 (1985).

## II.

Commodore next contends that the total amount awarded by the jury as actual damages on Freeman's causes of action for fraud, violation of the SCUTPA, and violation of the SCCPC is so excessive as to manifest caprice, passion, or prejudice and to warrant the granting of a new trial absolutely.

With the agreement of the parties, the trial judge informed the jury that the total amount spent by Freeman in connection with the "payments on the [mobile] home" purchased by Freeman through A. & M. came to $1,751.20. As we noted above, the jury awarded $5,000 in actual damages on the fraud cause of action, $5,000 in actual damages on the SCUTPA cause of action, and $5,000 in actual damages on the SCCPC cause of action, for a total award of $15,000 in actual damages.

After the jury rendered its verdicts, Commodore made no motion for Freeman to elect her remedy. *See Harper v. Ethridge*, 290 S. C. 112, 348 S. E. (2d) 374 (Ct. App. 1986) (discussion of the doctrine of election of remedies). It did move the trial judge, however, to reduce the amount of the damages. The trial judge, as we also indicated, reduced the amount of actual damages on each cause of action to $1,751. His order allows Freeman to collect her actual damages but once. Freeman did not appeal this limitation.

When a verdict is so grossly excessive and the amount awarded is so shockingly disproportionate to the injuries as to indicate that the jury was motivated by passion, caprice, prejudice, or some other improper consideration, it becomes the duty of the appellate court, as well as the trial court, to set aside the verdict absolutely. *Easler v. Hejaz Temple A.'.A.'.O.'.N.'.M.'.S.'.of Greenville*, 285 S. C. 348, 329 S. E. (2d) 753 (1985); *Young v. Warr*, 252 S. C. 179, 165 S. E. (2d) 797 (1969). There is, however, no definite standard for determining whether actual damages awarded are grossly exces-

sive. *Beasley v. Ford Motor Company*, 237 S. C. 506, 117 S. E. (2d) 863 (1961). The courts must be governed by the circumstances of the particular case presented for consideration. *Watson v. Wilkinson Trucking Co.*, 244 S. C. 217, 136 S. E. (2d) 286 (1964). Generally, to warrant a new trial because of gross excessiveness of the verdict " 'the damages must be flagrantly outrageous and extravagant.' " *Beasley v. Ford Motor Company*, 237 S. C. at 512, 117 S. E. (2d) at 866, quoting *Coleman v. Southwick*, 9 Johns. 45, 6 Am. Dec. 253 at 258 (1812).

Freeman testified regarding expenses other than those represented by the payments that she made on the mobile home. She testified that she also paid the original owner of the mobile home $200; that she purchased money orders with which to make her mobile home payments; that she made several long distance telephone calls in failed attempts to resolve her dispute with Commodore; that she incurred moving expenses in anticipation of Commodore's threatened repossession of her mobile home; and that Commodore repossessed her mobile home.

At most, the amounts awarded Freeman as actual damages on her three causes of action, as the trial judge found, are excessive; however, these amounts are not so excessive or flagrantly outrageous that they, under the circumstances presented and when the causes of action are individually considered, evince or carry an implication of passion, caprice, prejudice, corruption, partiality, improper influences, or the like. *Cf., e.g., Small v. Springs Industries*, _____ S. C. _____ , 357 S. E. (2d) 452 (1987) (wherein the court held a $300,000 award of actual damages in an action for breach of an employment contract to be so excessive as to manifest improper considerations where there was no evidence from which the jury could reasonably conclude that the plaintiff would be unable to find any employment for the remainder of her life).

The trial judge, therefore, committed no abuse of discretion amounting to an error of law in not granting Commodore a new trial outright because of the amounts of the actual damages found by the jury on three separate causes of action brought by Freeman. *See Fennell v. Littlejohn*, 240 S. C. 189, 125 S. E. (2d) 408 (1962) (wherein the court held

that the granting of a new trial on the ground that the verdict is so excessive as to indicate caprice, passion, or prejudice on the part of the jury is in the discretion of the trial judge and that the trial judge's decision thereon will not be disturbed absent a showing of an abuse of discretion).

## III.

Commodore further contends that the trial judge erred in not granting it a new trial absolutely because the award of $40,000 in punitive damages on the fraud cause of action, when considered in connection with the evidence, manifests caprice, passion, or prejudice.

Punitive damages are incapable of precise measurement. 22 Am. Jur. (2d) *Damages* § 264 at 358 (1965). The amount to be awarded as punitive damages is peculiarly within the discretion of the jury. *Thompson v. Home Security Life Insurance*, 271 S. C. 54, 244 S. E. (2d) 533 (1978). In assessing punitive damages, the jury may consider, among other things, the character of the tort committed, the punishment that should be imposed for its commission, and the ability of the wrongdoer to pay. *Fennell v. Littlejohn, supra.*

A jury's award of punitive damages, however, is subject to review and revision by the trial judge. *Thompson v. Home Security Life Insurance, supra.* As in the case of actual damages, there is no definite standard for testing the excessiveness of an award of punitive damages. 22 Am. Jur. (2d) *Damages* § 266 at 360 (1965). There is also no mathematical rule in South Carolina on the proportion that punitive damages must bear to actual damages. *Thompson v. Home Security Life Insurance, supra.* Like an award of actual damages, an award of punitive damages will be set aside if it is grossly excessive or appears to be the result of caprice, passion, prejudice, or other improper considerations. 22 Am. Jur. (2d) *Damages* § 266 at 360 (1965); 25 C. J. S. *Damages* § 126(1) at 1162 (1966); *see Fennell v. Littlejohn, supra* (holding that the trial judge committed no abuse of discretion in refusing to grant a new trial on the ground that a verdict that included punitive damages was so excessive as to indicate passion or prejudice on the part of the jury); *Bowers v. Charleston & W. C. Ry. Co.*, 210 S. C. 367, 42 S. E. (2d) 705 (1947) (Oxner, J., concurring) (suggesting that the Supreme

Court possessed the authority to grant a new trial on the ground of gross excessiveness of an award of punitive damages).

As the record shows, the fraud committed by Commodore was upon an unmarried twenty-two year old textile worker and first-time mobile home purchaser who had only a ninth grade education. *Cf. Parks v. Morris Homes Corp.*, 245 S. C. 461, 141 S. E. (2d) 129 (1965) (action for fraud and deceit wherein the court upheld award of actual and punitive damages where agents of the manufacturer of shell homes defrauded a widow who had limited education and business experience). Commodore's fraud, moreover, involved repeated false representations that the evidence suggests either were actually known by Commodore to be false at the time of making them or were made recklessly and positively without Commodore knowing or caring whether they were true or false. *See Young v. Goodyear Service Stores*, 244 S. C. 493, 137 S. E. (2d) 578 (1964) (wherein the court upheld an award of punitive damages in an action for fraud and deceit where the tortfeasor recklessly made a false representation as a positive assertion without knowing or caring whether the representation was true or false). Obviously, the jury meant by the size of the punitive damages award to punish Commodore and to have its award serve as an example to others. *See Hicks v. Herring*, 246 S. C. 429, 144 S. E. (2d) 151 (1965) (wherein the court recognized that a relatively large punitive damages award represented the jury's desire to punish the defendant and intended as an example to others). The evidence supports the inference that Commodore is a multimillion dollar corporation. *See Fennell v. Littlejohn, supra* (wherein the court held that the testimony supported the inference that the defendant was a man of substantial business interests).

Taking all the facts and circumstances into consideration and viewing these facts and circumstances in the light most favorable to Freeman, we think that the imposition of substantial punitive damages was warranted and that the trial judge committed no abuse of discretion in refusing to grant Commodore a new trial on the ground that the verdict was so excessive as to indicate caprice, passion, or prejudice on the jury's part.

We note that Commodore challenged the sufficiency of the evidence to support an award of punitive damages for the first time by a motion for judgment notwithstanding the verdict. It made no motion for directed verdict regarding punitive damages either at the end of Freeman's case or at the close of all the evidence. The issue, therefore, of the sufficiency of the evidence to support an award of punitive damages that Commodore seems to raise by its exceptions and to argue in his brief is not properly before us. *Lemnah v. American Breeders Service, Inc.*, 144 Vt. 568, 482 A. (2d) 700 (1984); *see* S. C. R. CIV. P. 50(b) (motion for a directed verdict at the close of all the evidence is a prerequisite to a motion for judgment notwithstanding the verdict).

### IV.

Finally, Commodore directs several complaints to the trial judge's post-trial order.

### A.

Commodore contends that the award of punitive damages should be set aside, arguing that "[t]he elimination of actual damages for fraud destroyed the basis for a punitive award." This contention lacks merit.

In South Carolina, punitive damages may be recovered only where there is either an award or a recovery of actual damages. *Reid v. Harbison Development Corp.*, 289 S. C. 319, 345 S. E. (2d) 492 (1986); *Carroway v. Johnson*, 245 S. C. 200, 139 S. E. (2d) 908 (1965); 25 C. J. S. *Damages* § 118, n. 68 at 1123 (1966).

Here, the trial judge did not eliminate the actual damages awarded Freeman on her cause of action for fraud. In fact, he expressly sustained them, albeit in a reduced amount. The trial judge, in an effort to protect Commodore from having to pay the same damages more than once, simply limited Freeman to collecting actual damages only on her cause of action based on the SCUTPA. The trial judge did this on his own motion and not because of any motion made by Commodore.

### B.

Commodore contends that the $1,000 penalty imposed by the trial judge under the SCCPC should be set

aside because the trial judge "eliminated [the] award of actual damages for violation of the [SCCPC]." *See* S. C. Code of Laws § 37-5-202(1) (1976) ("[T]he consumer has a cause of action to recover actual damages and also a right in an action other than a class action, to recover from the person violating this title a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars."). This contention too lacks merit.

As he did on Freeman's cause of action for fraud, the trial judge, on his own motion, likewise did on Freeman's cause of action under the SCCPC; he sustained the award of actual damages, reduced the amount thereof, and barred Freeman from collecting the actual damages awarded thereon and as reduced. He did not eliminate the award, as Commodore contends.

### C.

Commodore challenges the trial judge's trebling of damages under the SCUTPA, contending that there is an absence of evidence to support the trial judge's findings that its violations of the SCUTPA were willfully and knowingly done. *See* S. C. Code of Laws § 39-5-140(a) (1976) ("If the court finds that the use or employment of the unfair or deceptive method, act or practice was a willful or knowing violation of § 39-5-20, the court shall award three times the actual damages sustained. . . .").

We need not address this contention, however, since none of Commodore's 21 exceptions properly raises the point argued. *See* S. C. SUP. CT. R. 4, § 6 ("Each exception must contain a concise statement of one proposition of law or fact which this Court is asked to review. . . ."); *Harris v. Campbell*, 293 S. C. 75, 358 S. E. (2d) 719 (Ct. App. 1987) (the Court of Appeals can reverse only when the error is properly presented by an exception on appeal).

### D.

Lastly, Commodore questions the reasonableness of the trial judge's award of attorney fees under the SCUTPA, complaining that the trial judge based his award on an affidavit in which Freeman's counsel simply "estimate[d]" the number of hours that he worked on Free-

man's case. We discern no reversible error.

The trial judge expressly awarded attorney fees under both the SCUTPA and the SCCPC. *See* S. C. Code of Laws, § 39-5-140(a) (1976) ("Upon the finding by the court of a violation of this article, the court shall award to the person bringing such action under this section reasonable attorney's fees and costs."); *Id.* § 37-5-202(8) ("In an action in which it is found that a creditor had violated this title, the court shall award to the consumer the costs of the action and to his attorneys their reasonable fees.").

Commodore, however, does not argue in its brief that the award of attorney fees was improper under the SCCPC. A decision that the trial judge improperly awarded attorney fees under the SCUTPA would not change the judgment since the award of attorney fees is also grounded on another statute. *See Dwyer v. Tom Jenkins Realty, Inc.*, 289 S. C. 118, 120, 344 S. E. (2d) 886, 888 (Ct. App. 1986) (" 'Where a decision is based on two grounds, either of which, independent of the other, is sufficient to support it, it will not be reversed on appeal because one of those grounds is erroneous' ").

We further note that at the post-trial hearing one of Freeman's attorneys asked the trial judge whether he could "submit an estimate of our hours?" The trial judge replied, "If you want to do that, that would be fine for me." Commodore's trial counsel, who is not its counsel on appeal, voiced no objection to this procedure at that time. Commodore, therefore, is in no position to complain now about Freeman's attorneys estimating in an affidavit the number of hours spent by them on this case. *See Hall v. Palmetto Enterprises II, Inc., of Clinton*, 282 S. C. 87, 317 S. E. (2d) 140 (Ct. App. 1984) (the Court of Appeals will not consider an objection not raised in or passed upon by the trial court); *cf. Plow v. Bug Man Exterminators, Inc.*, 57 N. C. App. 159, 290 S. E. (2d) 787, 32 A. L. R. 4th 678 (1982), *review denied*, 306 N. C. 558, 294 S. E. (2d) 224 (1982) (a trial court may properly consider a written statement of the hours prepared by an attorney in arriving at a reasonable award).

Furthermore, the award does not strike us as unreasonable, considering the professional standing of Freeman's attorneys, the nature and extent of the services rendered, the complexity of the issues involved with the case, and the

beneficial results obtained for Freeman. *See Hendricks v. Hendricks*, 285 S. C. 591, 330 S. E. (2d) 553 (Ct. App. 1985) (listing the factors a court should consider in determining an attorney fees award). Also, the measure of proper attorney fees to be assessed against a party is not always the time spent. *Gimarc v. Neal*, 417 F. Supp. 129 (D. S. C. 1976). As Judge Hemphill observed in the last cited case, "[T]he considerations which may control the fixing of an attorney's fee necessarily are flexible and not absolute, and, if submitted without proof of the specific time involved, resolve themselves into a question of reasonableness." *Id.*, 417 F. Supp. at 132-33.

Accordingly, the judgment is

Affirmed.

SANDERS, C. J., and BELL, J., concur.