## 1093

POTOMAC LEASING COMPANY, subsidiary of Dana Corporation, Plaintiff v. Thomas A. BONE, Individually and d/b/a Thomas Bone Construction Company, Respondent v. GLASCO INDUSTRIES, INC., Appellant.

(366 S. E. (2d) 26)

Court of Appeals

*Spencer Andrew Syrett*, Columbia, *for appellant.*

*Eugene S. N. Lawrimore*, Georgetown, *for respondent.*

Heard Jan. 25, 1988.

Decided Feb. 22, 1988.

GOOLSBY, Judge:

In this third-party action brought by Thomas A. Bone, individually and doing business as Thomas Bone Construction Company, against Glasco Industries, Inc., the questions on appeal relate to the denial of a motion to change venue, to the grant of a motion to amend the pleadings, to the refusal to admit certain documents in evidence, to the sufficiency of the evidence as to a violation of the South Carolina Unfair Trade Practices Act ("UTPA"), and to the award of attorney fees under the act. The jury found in Bone's favor and awarded him $6,675.36 in damages. The trial judge awarded Bone $2,047.00 in attorney fees. Glasco appeals. We affirm.

Potomac Leasing Company brought an action against Bone, a resident of Georgetown County. He, in turn, filed a third-party complaint against Glasco. Bone later confessed judgment to Potomac. Three months later a trial was held upon Bone's third-party complaint.

## I. Venue

The day before trial Glasco moved to change venue from Georgetown County to Lexington County upon the grounds that Glasco's "only place of business [was] in Lexington County and [it] maintain[ed] no agents or property in Georgetown County" and "that the witnesses on [its] behalf

... were residents of Lexington County and the convenience of witnesses and the ends of justice [would] be promoted by the requested change of venue." The trial court denied the motion. Glasco contends this was error.

Glasco, as was its burden to do, nowhere supported by affidavit or testimony the assertions in its motion that it had neither property nor agents in George-town County. *See Elders v. Parker*, 286 S. C. 228, 332 S. E. (2d) 563 (Ct. App. 1985) (the burden is upon the defendant to show venue is improper when the complaint alleges venue in the wrong county and the failure to file court-ordered affidavits constitutes a waiver of the right to be heard). Indeed, Glasco expressly admitted in its answer to the third-party complaint that it did business through an agent in Georgetown County. The trial court committed no error, therefore, in denying Glasco's motion for change of venue based on the ground of nonresidence. *See Magee v. Liberty Mutual Insurance Co.*, 366 So. (2d) 827 (Fla. Dist. Ct. App. 1979) (the defendants did not discharge their burden of proving improper venue by their allegations in an unsworn motion to dismiss or transfer).

Glasco does not argue its exception that the trial court abused its discretion in denying its motion for change of venue based on the ground of convenience of witnesses. We therefore deem it abandoned. *See Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977) (the failure to argue an issue in the brief is deemed an abandonment of the exception raising it).

## II. Amendment to Complaint

Immediately before the trial began, Bone moved to amend his cause of action for violation of the UTPA to include the amount of the confession of judgment entered by him three months earlier. Glasco objected, claiming "that is awfully late in the process ... to amend the pleadings." It neither claimed nor showed any prejudice from the amendment. The trial court allowed the amendment, finding Glasco was not taken by surprise.

On appeal, Glasco contends the trial court abused its discretion in allowing the amendment because Bone's "motion was not timely."

Rule 15 of the South Carolina Rules of Civil Pro-
cedure now governs amendments to pleadings. Under
this rule, as under Rule 15 of the Federal Rules of
Civil Procedure, "delay alone, regardless of its length, is not
enough to bar [a proposed amendment] if the other party is
not prejudiced." J. MOORE, 3 MOORE's FEDERAL PRAC-
TICE  15.08[4] at 15-76 (2d ed. 1987); *see* H. LIGHTSEY & J.
FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at
288 (1985) (while there is no limit for making a motion to
amend, the court should consider the prejudice to the other
party). In fact, amendments may be offered at trial. J.
MOORE, *supra*  15.08[4] at 15-78; *cf, Howey v. United
States,* 481 F. (2d) 1187 (9th Cir. 1973) (an amendment of-
fered on the second day of trial should have been allowed).

Because Glasco failed to show any prejudice, the trial
court acted within its broad discretion in granting
Bone's motion to amend his pleadings. *See* H. LIGHT-
SEY & J. FLANAGAN, *supra* at 288 ("[I]t is the respon-
sibility of the opposing party to establish prejudice by
affidavit or other means."); *cf. Metcalf v. Mauldin Manufac-
turing Co.,* 264 S. C. 196, 213 S. E. (2d) 729 (1975) (case under
former statute, S. C. Code Ann. § 15-13-920) (Law. Co-op.
1976), holding the grant of a motion to amend made at the
beginning of trial was within the trial court's discretion
where the motion conformed with the proof offered and
admitted at the pretrial hearing and the opposing party did
not show any suprise or prejudice).

III. Exclusion of Evidence

The trial court refused to admit in evidence a machine
copy of a portion of a lease and a blank form of the lease. It
disallowed the copy on the ground "that it [was] not the
entire contract" and denied admission of the blank form "as
earlier stated." Glasco argues the trial court should have
admitted the proffered documents.

Before the Court of Appeals will reverse a judgment
for an alleged error in the exclusion of evidence, the
appellant must show prejudice. *Gold Kist, Inc. v. Cit-
izens & Southern National Bank of S. C.,* 286 S. C. 272, 333
S. E. (2d) 67 (Ct. App. 1985). This Glasco failed to do. We
therefore do not reach the question of whether the trial

court erred in not allowing the proffered documents in evidence.

### IV. Sufficiency of the Evidence

Glasco moved for a directed verdict and judgment notwithstanding the verdict on Bone's cause of action founded on an alleged violation of the UTPA, S. C. Code Ann. §§ 39-5-10 *et seq.* (Law. Co-op. 1976). The trial court denied both motions. Glasco argues the trial court's denial of its motions constituted error, contending there was no proof of a misrepresentation in the conduct of trade.

Viewing, as we must, the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to Bone, the party opposing the motions [*Ellison v. Pope*, 290 S. C. 100, 348 S. E. (2d) 367 (Ct. App. 1986)], we hold there was proof that Glasco made a misrepresentation to Bone in the conduct of trade. Bone himself testified that he purchased a mobile, gas-operated steam-pressure cleaning machine from Glasco's representative, W. A. Bryant; that before purchasing the machine, Bryant demonstrated the machine to Bone, running it for only "a good minute or so;" that Bryant and Bone also discussed the machine and Bone's needs; that Bryant represented to Bone that the machine would use four to six gallons of water a minute and that Bone "could take [the machine] to any outlet anywhere and hook onto any water spigot and use it;" that shortly after purchasing the machine, Bone learned that the machine required more water than four to six gallons a minute and that the water pressure in the community in which Bone conducted his business was not adequate to operate the machine; and that Bryant knew that Bone wanted to use the machine at his place of business and elsewhere in the community and failed to tell Bone that the machine had special pressure requirements. *Cf. Inman v. Ken Hyatt Chrysler, Inc.*, 363 S. E. (2d) 691 (S. C. 1988) (to establish a claim under the UTPA, a plaintiff need not show that a representation was intended to deceive but only that the representation had the capacity to do so); *State ex rel. McLeod v. C & L Corporation, Inc.*, 280 S. C. 519, 313 S. E. (2d) 334 (Ct. App. 1984) (a plaintiff need not establish the common law elements of fraud to recover under the UTPA).

We do not address Glasco's contention that the transaction in question is not actionable under the UTPA because it did not affect the public interest. *See Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.,* 290 S. C. 475, 351 S. E. (2d) 347 (Ct. App. 1986), *cert. dismissed,* 363 S. E. (2d) 688 (S. C. 1987) (an unfair or deceptive act or practice affecting only the parties to the transaction affords no basis for an action under the UTPA). Glasco did not raise the issue at the trial level. *See Cudd v. John Hancock Mutual Life Insurance Co.,* 279 S. C. 623, 310 S. E. (2d) 830 (Ct. App. 1983) (the Court of Appeals will not determine an issue not raised in the trial court and presented for the first time on appeal).

### V. Attorney Fees

The trial court, as we noted above, awarded Bone attorney fees and costs in the aount of $2,047.00. Glasco challenges the award as excessive and also contends that the affidavit relied on by the trial court in fixing the attorney fee award and submitted by Bone's attorney reflected services not performed in the prosecution of the instant action.

■ Section 39-5-140(a) of the Code allows the trial court upon finding a violation of the UTPA to award the person bringing the action "reasonable" attorney fees and costs.

We do not regard the award here as unreasonable, considering the professional experience of Bone's attorney, the nature and extent of the services rendered, the complexity of the issues involved with the case, and the results obtained for Bone. *Freeman v. A. & M. Mobile Home Sales, Inc.,* 293 S. C. 255, 359 S. E. (2d) 532 (Ct. App. 1987).

Regarding the disputed affidavit, the trial court did not award Bone the total amount shown therein as chargeable to Bone for time spent on the case and for costs; rather, it awarded Bone somewhat less than half that amount.

■ In any case, the measure of proper attorney fees assessed against a party is not always the time spent. *Id.*

Affirmed.

SHAW and CURETON, JJ., concur.