1878

Henry L. PARR, Sr., Respondent v. Dwight GAINES, Pringle Paint Sundries, Inc., Volvo GM Heavy Duty Truck Corp., and Christopher Truck Sales, Inc., are Defendants, of which Volvo GM Heavy Duty Truck Corp., and Christopher Truck Sales, Inc., are Appellants, and Dwight Gaines and Pringle Paint Sundries, Inc., are Respondents. Appeal of VOLVO GM HEAVY DUTY TRUCK CORP. and Christopher Truck Sales, Inc.

(424 S.E. (2d) 515)

Court of Appeals

*George K. Lyall, Edwin L. Turnage* and *Stephen R. Lewis* of *Nelson, Mullins, Riley & Scarborough,* Greenville, *for appellants.*

*Susan P. Ingles,* Greenville, *James E. Bryan, Jr.,* and *J. Michael Turner,* Laurens, *for respondents.*

Heard April 13, 1992.

Decided Oct. 26, 1992.

BELL, Judge:

This action, which sounds in breach of contract, negligence, and strict liability, arises out of a collision between a truck owned and driven by Henry L. Parr, Sr. and a truck owned by Pringle Paint Sundries, Inc., and driven by its employee, Dwight Gaines. Pringle and Gaines sued Volvo GM Heavy Duty Truck Corp., the manufacturer of Pringle's truck, and Christopher Truck Sales, Inc., the dealer who sold the truck to Pringle and performed maintenance and repairs on it after Pringle purchased it. They alleged that the brakes on the truck were defective, in breach of express and implied warranties, and sought damages caused by the defect. Several months later, Parr brought a separate suit against Gaines, Pringle, Volvo, and Christopher, alleging negligence, negligent repair, negligent manufacture, strict product liability, and breach of express and implied warranties. Pringle answered and brought a third party complaint for indemnity against Volvo and Christopher. Parr sought damages for casualty to his truck, bodily injuries, medical expenses, and loss of income allegedly caused by his inability to work full time while recovering from the accident. Pringle sought damages for casualty to its truck, out-of-pocket repair costs before and after the accident, out-of-pocket cost of renting a replacement truck, and indemnification for any damages it was required to pay to Parr.

The cases were consolidated for trial. The jury returned a general verdict for Parr against Volvo and Christopher and

awarded him $80,000 in damages. The jury also returned a general verdict for Pringle against Volvo and Christopher, awarding $40,000 in damages. Upon a motion for a new trial nisi remittitur, the trial court reduced Pringle's verdict to $31,286. From the denial of their motions for judgment notwithstanding the verdicts and for a new trial absolute on damages, Volvo and Christopher appeal. We affirm.

Viewed in the light most favorable to Parr and Pringle, the evidence showed the following. Pringle purchased a new Volvo truck from Christopher in August of 1987. Twice thereafter, the brakes on the truck failed. On June 13, 1988, Pringle returned the truck to Christopher after the brakes malfunctioned a third time. As on the two prior occasions, Christopher inspected the brakes, found no defect in the braking system, adjusted the brakes, and returned the truck to Pringle.

On June 14, 1988, the day after Christopher adjusted the brakes, Dwight Gaines was driving the Volvo truck on Highway 76 near Newberry on his way to make a delivery. In front of him on the highway was Parr. Parr owns a dairy operation in Newberry County, and also grows crops on land in both Newberry and Laurens counties. He was on his way to inspect a hay field.

When Parr arrived at his field, which borders Highway 76, he slowed down. Gaines applied his brakes, but they malfunctioned, and he hit the rear of Parr's truck. Parr suffered severely bruised ribs and extensive damage to his truck. Gaines was not injured, but the Volvo truck suffered some front end damage. At trial, Parr testified that the accident disabled him from working on his farm for five weeks, causing substantial dairy and crop losses.

## I.

Volvo and Christopher first argue that the trial court erred by allowing Parr to present evidence regarding his farm losses. They contend these damages were too remote to be a foreseeable consequence of the accident.

Pringle, but not Volvo and Christopher, moved in limine to exclude evidence of Parr's farming losses. The record does not indicate how, or even if, the court ruled on this motion. During trial, neither Pringle, Volvo, nor Christopher made a contemporaneous objection when Parr presented evidence regarding

the farming losses. Without objection, Parr testified that the injuries he sustained kept him from managing what he and two other experts described as a sophisticated farming operation. He also testified as to the dollar value of these losses.

Although limited exceptions exist, objections to the admission of evidence must be made when evidence is presented at trial to preserve error for appeal. *State v. Davis*, — S.C. —, 419 S.E. (2d) 820 (Ct. App. 1992). A motion in limine, even if granted, does not remove the need for a contemporaneous objection at trial. *See State v. Floyd*, 295 S.C. 518, 369 S.E. (2d) 842 (1988). Motions in limine are not final determinations of whether evidence will be admitted at trial. *Id.* If a motion in limine to exclude evidence is denied, a party must renew its objection when the evidence is presented during trial. *See White v. Wilbanks*, 298 S.C. 225, 379 S.E. (2d) 298 (Ct. App. 1989), *rev'd on other grounds*, 301 S.C. 560, 393 S.E. (2d) 182 (1990). In this case, there was no objection to the evidence when it was presented.

Volvo and Christopher also argue that they preserved the farm loss issue for appeal by making a motion to strike all testimony on farm losses at the close of Parr's case. In absence of a contemporaneous objection, a motion to strike may be denied. *See Lindsey v. City of Greenville*, 247 S.C. 232, 146 S.E. (2d) 863 (1966). Volvo and Christopher had ample opportunity to object to the evidence on Parr's damages. The record does not provide a sound reason to excuse the failure to object when the evidence was presented. *Id.* Volvo and Christopher could not cure their failure to object contemporaneously by moving to exclude the evidence at the end of Parr's case. Therefore, denying the motion to strike was not an abuse of discretion.

Finally, Volvo and Christopher argue the admissibility of farm losses is preserved under Rule 43(c)(1), SCRCP, which states: "If an objection has once been made at any stage to the admission of evidence, it shall not be necessary thereafter to reserve rights concerning the objectionable evidence." In effect, Volvo and Christopher ask this court to hold that Rule 43(c)(1), SCRCP, obviates the requirement of objecting to evidence when it is presented to preserve the issue of its admissibility on appeal.

Under former practice, if a trial judge overruled an objec-

tion to evidence, the objecting lawyer had to reserve the objection before questioning the witness on the objectionable evidence. Otherwise, the objection was considered waived. Rule 43(c)(1) assumes a contemporaneous objection has been made and overruled by the court. *Pinkerton v. Jones*, 423 S.E. (2d) 151 (S.C. Ct. App. 1992). It merely states that once a contemporaneous objection has been made, no further reservation of rights is needed to preserve the objection. It does not alter the rule requiring a contemporaneous objection. In this case, Volvo and Christopher made no contemporaneous objection. Therefore, their Rule 43(c)(1) argument is without merit.

## II.

Volvo and Christopher next argue that the court erred by not allowing their expert to testify regarding tests that were conducted on the brakes of the Volvo truck. At trial, Pringle timely objected to the expert testimony on the ground that it would be unfair to allow the expert to testify because in a discovery deposition the expert said he had not conducted any tests on the alleged defective brake parts and Volvo did not have the parts in its possession. Pringle had sought production of the parts during discovery and had been told that Volvo did not have them and they had not been tested. The court sustained the objection and would not allow the expert to testify about the tests that Volvo conducted on the brake parts.

A trial court has broad discretion in excluding evidence as a sanction for not complying with discovery procedures. *See McGaha v. Mosley*, 283 S.C. 268, 322 S.E. (2d) 461 (Ct. App. 1984). We hold that the court did not abuse its discretion in this case.

Further, an appellate court will not reverse a ruling on the admissibility of evidence unless there is a showing of prejudice. *Potomac Leasing Co. v. Bone*, 294 S.C. 494, 366 S.E. (2d) 26 (Ct. App. 1988). The trial judge allowed the expert to testify on general matters involving brake systems. At the close of his testimony, the expert opined that the accident between Parr and Pringle was caused by maladjusted brakes, not defective brake parts. Because the expert gave his opinion on the cause of the accident, we find no prejudice to Volvo and Christopher.

## III.

Volvo and Christopher next assert that the court should have granted their motions for judgment notwithstanding the verdict and for a new trial as to Pringle, because the contract for sale of the truck contained a clause limiting Pringle's recovery for breach of warranty to the repair and replacement of defective parts. The contract also excluded recovery of consequential damages that arise from a breach of the warranty. In other words, they contend the verdict in favor of Pringle erroneously included damages excluded by the contract.

The trial judge sent the case to the jury on four separate theories of liability.[1] The jury returned general verdicts for Pringle against both Volvo and Christopher. When a jury returns a general verdict in a case involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed. *Campbell v. Paschal*, 290 S.C. 1, 347 S.E. (2d) 892 (Ct. App. 1986). Because the jury in this case could properly return a verdict on an issue other than breach of warranty, the trial judge correctly denied the motions for judgment notwithstanding the verdict and for a new trial directed solely to the warranty cause of action. Since the motions for a new trial based on excessiveness of the verdicts were also directed to the warranty cause of action alone, the judge was likewise correct in denying those motions.

---

[1] The record shows that the court charged the jury on express warranty and strict liability as to claims by Pringle against Volvo and Christopher. The court also charged negligent repair against Christopher and negligence against Volvo. Prior to the charge, neither Volvo nor Christopher moved for a directed verdict as to strict liability. Christopher did not move for a directed verdict as to negligent repair, and Volvo did not move for a directed verdict as to negligence. Neither Volvo nor Christopher objected to the judge's charge on these theories of liability.

A motion for a directed verdict is a prerequisite to a motion for judgment notwithstanding the verdict and a motion for a new trial on the grounds that the evidence does not sufficiently support a cause of action. *Freeman v. A. & M. Mobile Home Sales, Inc.*, 293 S.C. 255, 359 S.E. (2d) 532 (Ct. App. 1987). By not making a motion for directed verdict on the issues of strict liability, negligence, and negligent repair, Volvo and Christopher, in effect, conceded at trial that some evidence existed for those issues to go the jury. Further, Volvo and Christopher specifically admitted at oral argument that they could not properly contest on appeal whether there was sufficient evidence to prove breach of warranty, negligence, or manufacturing defect.

## IV.

Volvo and Christopher next argue that the verdict for Parr was excessive, entitling them to judgment notwithstanding the verdict or a new trial. They contend the verdict includes recovery of Parr's farming losses, which are speculative and not a foreseeable consequence of the truck accident.

The granting or denying of a motion for new trial based on excessiveness of a verdict is within the sound discretion of the trial judge. *Jenkins v. Dixie Specialty Co.*, 284 S.C. 425, 326 S.E. (2d) 658 (1985). The verdict will be upheld unless wholly unsupported by the evidence or so excessive as to be the result of the jury's "caprice, passion, prejudice or sympathy." *Id.*

As stated previously, the case went to the jury on Parr's strict liability cause of action, among others. Therefore, we must affirm the amount of the jury verdict as to both Volvo and Christopher if it can be sustained under the measure of damages for strict liability.

A plaintiff suing under a products liability cause of action can recover all damages that were proximately caused by the defendant's placing an unreasonably dangerous product into the stream of commerce. *See Wallace v. Owens-Illinois, Inc.*, 300 S.C. 518, 389 S.E. (2d) 155 (Ct. App. 1989); *Hutson v. Continental Assurance Co.*, 269 S.C. 322, 237 S.E. (2d) 375 (1977). Damages are proximately caused if they are the foreseeable result of the defendant's wrongdoing. *Young v. Tide Craft, Inc.*, 270 S.C. 453, 242 S.E. (2d) 671 (1978). Foreseeability is determined by looking to the natural and probable consequences of the complained of act. *Id.* While it is not necessary that the actor must have contemplated the particular event that occurred, the actor cannot be charged with that which could not be expected to happen. *Id.* Proximate cause is a question of fact for the jury. *Davenport v. Walker*, 280 S.C. 588, 313 S.E. (2d) 354 (Ct. App. 1984).

In this case, the jury could reasonably find that if a truck were equipped with defective brakes an accident might occur, causing bodily injury to a person on the highway. The jury could further find that a natural and probable consequence of injury to that person would be a loss of time from his work with a resulting loss of income from his

work. In order to find proximate cause, it would not be necessary for the jury to find it was foreseeable that the victim's particular work was farming or that his particular losses were farming losses. Since there was evidence that Parr suffered injuries from the collision, that his injuries caused him to lose time from work, and that his absence from work caused him to lose production on his farm, the jury could reasonably find that Parr proved proximate causation.

As to the amount of his farming losses, Parr presented substantial testimony and documentation showing how much money he lost as a result of his injuries. His business records showed reductions in milk production, soybean and alfalfa yields, and calving rates. Parr also gave the costs of these reductions based on market or contract prices. This evidence shows that Parr's out-of-pocket expenses, the damage to his truck, and his lost farm earnings amount to over $80,000.[2] Parr also claimed damages for pain and suffering. We conclude, therefore, that the $80,000 verdict was not so excessive as to be based on caprice or sympathy.

Affirmed.

CURETON and GOOLSBY, JJ., concur.

---

[2] The following uncontradicted figures were introduced at trial without objection:

PROPERTY DAMAGE
| | |
|---|---|
| Truck | $ 3,000.00 |

EXPENSES
| | |
|---|---|
| Replacement Alfalfa | $10,000.00 |
| Cost of Feed for Dry Cows | $ 6,734.40 |
| Cost of Lost Semen | $ 983.00 |
| Overtime Pay | $ 3,740.00 |

LOST EARNINGS
| | |
|---|---|
| Milk Production | $42,120.13 |
| Soybeans | $13,781.80 |
| Calves | $ 2,711.62 |
| TOTAL | $83,070.95 |