THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Najjar
 De'Breece Byers, Appellant.
 
 
 

Appeal From York County
 Lee S. Alford, Circuit Court Judge
Unpublished Opinion No. 2009-UP-276
Submitted May 1, 2009  Filed June 2, 2009   
AFFIRMED

 
 
 
 Robert A. Muckenfuss, of Charlotte, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Kevin
 Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM: 
 Najjar De'Breece  Byers appeals his convictions for  armed robbery and criminal
 conspiracy.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.    
1.  As to whether the
 trial court erred in denying his motion to strike a witnesss hearsay testimony: State v. Rice, 375 S.C. 302, 322-23, 652 S.E.2d 409, 419 (Ct. App. 2007)
 ("Unless an objection is made at the time the evidence is offered and a
 final ruling made, the issue is not preserved for review."); Parr v.
 Gaines, 309 S.C. 477, 481, 424 S.E.2d 515, 518 (Ct. App. 1992) ("In [the]
 absence of a contemporaneous objection, a motion to strike may be denied.").
2.  As to whether the
 trial court erred in denying Byers's motion for a directed verdict: State v. Cherry, 361 S.C. 588, 593, 606 S.E.2d
 475, 478 (2004) (explaining a defendant is entitled to a directed verdict when
 the State fails to produce evidence of the offense charged); State v. Harris,
 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002) (stating if there is any direct
 or substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused, an appellate court must find the case was properly submitted to
 the jury).  
3.  As to whether the
 trial court erred instructing the jury on the legal principle "the hand of
 one is the hand of all":  Rule
 20(b), SCRCrimP, ("[T]he parties shall be given the opportunity to object
 to the giving or failure to give an instruction before the jury retires . . .
 .  Failure to object in accordance with this rule shall constitute a waiver of
 objection."); State v. Whipple, 324 S.C. 43, 52, 476 S.E.2d 683,
 688 (1996) (holding a partys failure to object to the charge as given
 constitutes a waiver of his right to complain on appeal).
AFFIRMED.
HUFF,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.