THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Devon Miles Brown, Appellant.
 
 
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2011-UP-265  
Submitted May 1, 2011  Filed June 7, 2011

AFFIRMED

 
 
 
 Dale L. Smith, of New York, and Symmes Watkins
 Culbertson, Sr., of Greenville, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 Elliott, Senior Assistant Attorney General Norman Mark Rapoport, Office of the
 Attorney General, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Appellant,
 Devon Miles Brown, was convicted of trafficking
 marijuana and was sentenced to twenty-five years imprisonment. Brown
 appeals, asserting the trial judge erred in (1) refusing to suppress the
 marijuana seized in violation of the Fourth Amendment, when the State failed to
 present sufficient evidence supporting the police dog's training and
 reliability in the search warrant affidavit and the suppression hearing, which
 was essential to finding probable cause, and (2) admitting other crimes
 evidence of uncharged marijuana possession and erroneously instructing the jury
 that the uncharged crimes evidence could be used to prove the elements of the
 charged offense, contrary to Rule 404(b), SCRE.  We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities:  ISSUE I:  See State
 v. Forrester, 343 S.C. 637, 642, 541
 S.E.2d 837, 840 (2001) (noting that, generally, a motion in limine is not a final determination and a contemporaneous objection must be made when
 the evidence is introduced at trial, unless the ruling on the motion in limine is made immediately prior to the introduction of the evidence in question);
 Rule 17, SCRCrimP (providing "[i]f an objection has once been made at any
 stage to the admission of evidence, it shall not be necessary thereafter to
 reserve rights concerning the objectionable evidence," with the historical
 notes indicating this language was taken from Rule 43(c)(1), SCRCP) and Parr
 v. Gaines, 309 S.C. 477, 481-82, 424 S.E.2d 515, 518-19 (Ct. App. 1992) (holding
 the above exact language in Rule 43(c)(1), SCRCP, merely states that once a
 contemporaneous objection is made, no further reservation of rights is needed
 to preserve the objection, but it does not alter the rule requiring a
 contemporaneous objection); see also State v. Freiburger, 366 S.C. 125, 134, 620 S.E.2d 737, 741
 (2005) (finding argument advanced on appeal was not raised and ruled on below
 and therefore was not preserved for review); State v. Haselden, 353 S.C.
 190, 196, 577 S.E.2d 445, 448 (2003) (holding a party may not argue one ground
 at trial and another on appeal); see also Rule
 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set
 forth in the statement of the
 issues on appeal."); State
 v. Culbreath 377 S.C. 326, 332, 659 S.E.2d 268, 271 (Ct. App. 2008)
 (noting, in order for an issue to be properly presented for appeal, the
 appellant's brief must set forth the issue in the statement of issues on
 appeal).  ISSUE II:  (1) Jury Instruction:  See State v.
 Johnson, 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996) (holding an issue not raised to and ruled on by the trial court
 is not preserved for appellate review); State v. Stone, 285 S.C. 386,
 387, 330 S.E.2d 286, 287 (1985) (holding, in non-capital cases, defendant's
 failure to object to charge as given, or to request an additional charge when
 the opportunity to do so has been afforded, waives the right to complain on
 appeal); (2) Other Crimes Evidence:  See Rule
 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible
 to prove the character of a person in order to show action in conformity
 therewith.  It may, however, be admissible to show motive, identity, the
 existence of a common scheme or plan, the absence of mistake or accident, or
 intent."); Freiburger, 366 S.C. at 134, 620 S.E.2d at 741 (finding
 argument advanced on appeal was not raised and ruled on below and therefore was
 not preserved for review); see also Rule 220(c), SCACR (providing the appellate court may affirm any ruling upon
 any ground appearing in the record); State v. Wiles, 383 S.C. 151, 158,
 679 S.E.2d 172, 176 (2009) (holding evidence which is logically relevant to
 establish a material element of the offense charged is not to be excluded
 merely because it incidentally reveals the accused's guilt of another crime;
 and evidence of other crimes which supplies the context of the crime, or is
 intimately connected with and explanatory of the crime charged, is admissible
 as res gestae evidence); State v. Adams, 322 S.C. 114,
 122, 470 S.E.2d 366, 370-71 (1996) (holding one of the accepted bases for the
 admissibility of evidence of other crimes arises when such evidence furnishes
 part of the context of the crime or is necessary to a full presentation of the
 case, or is so intimately connected with and explanatory of the crime charged
 against the defendant and is so much a part of the setting of the case and its
 environment, that its proof is appropriate in order to complete the story of
 the crime on trial by proving its immediate context or the "res gestae").[1]
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.