**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnnie Mae Reed, as Personal Representative of the Estate of Sandra Gilbert, Appellant,

v.

CareNet, Inc. of Lancaster and Nimal A. Perera, M.D., Respondents.

Appellate Case No. 2015-002653

Appeal From Lancaster County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2017-UP-230
Submitted May 1, 2017 – Filed May 31, 2017

**AFFIRMED**

D. Cravens Ravenel, of Baker Ravenel & Bender, LLP, of Columbia, for Appellant.

George Cox Beighley, of Richardson Plowden & Robinson, PA, of Columbia, for Respondent Nimal A. Perera.

Perry D. Boulier and Joshua Tate Thompson, both of Holcombe Bomar, PA, of Spartanburg, for Respondent CareNet, Inc. of Lancaster.

---

**PER CURIAM:**  In this wrongful death and survival action against CareNet, Inc. of Lancaster and Nimal A. Perera, M.D. (collectively, Respondents), Johnnie Mae Reed, as personal representative of the estate of Sandra Gilbert, appeals the trial court's denial of her motion for a new trial following a verdict in favor of Respondents.  On appeal, Reed argues the trial court erred by denying the motion because it erroneously excluded critical testimony at trial regarding whether Dr. Perera, Gilbert's primary care physician, deviated from the standard of care while treating Gilbert.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Brinkley v. S.C. Dep't of Corr.*, 386 S.C. 182, 185, 687 S.E.2d 54, 56 (Ct. App. 2009) ("The grant or denial of new trial motions rests within the discretion of the [trial] court, and its decision will not be disturbed on appeal unless its findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *Samples v. Mitchell*, 329 S.C. 105, 108, 495 S.E.2d 213, 215 (Ct. App. 1997) ("Making a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination.  The moving party, therefore, must make a contemporaneous objection when the evidence is introduced."); *Parr v. Gaines*, 309 S.C. 477, 481, 424 S.E.2d 515, 518 (Ct. App. 1992) ("A motion in limine, even if granted, does not remove the need for a contemporaneous objection at trial.").[1]

**AFFIRMED.**[2]

---

[1] Even if this issue were preserved, reversal is unwarranted because Reed was not prejudiced by the trial court's exclusion of the testimony at trial.  *See Campbell v. Jordan*, 382 S.C. 445, 452-53, 675 S.E.2d 801, 805 (Ct. App. 2009) ("The decision to admit or exclude evidence is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."); *id.* at 453, 675 S.E.2d at 805 ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice."); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 261, 644 S.E.2d 755, 761-62 (Ct. App. 2007) ("To show prejudice, there must be a reasonable probability that the jury's verdict was influenced by the challenged evidence or the lack thereof."); *Commerce Ctr. of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.*, 347 S.C. 545, 559, 556 S.E.2d 718, 726 (Ct. App. 2001) ("Generally, there is no abuse of discretion where the excluded testimony is merely cumulative of other evidence proffered to the jury.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS, MCDONALD, and HILL, JJ., concur.**