The opinion of the Court was_delivered by
HtjseR, J.
As a will is ambulatory, and can have no effect until the death of the testator, it would seem to follow, that the testamentary paper, permitted by a testator to survive him, must be his will; until consummated by death, it is inoperative and ineffectual, and has no legal existence.
A testamentary paper, duly executed, and which is permitted to acquire a legal existence by the testator, will not be destroyed by a paper which does not exist, and whose legal or operative existence was prevented by the voluntary act of the testator himself.
*If two consistent wills be left by a testator, as they have both r*. Rc been consummated by his death, a question would arise as to their *- validity; which is the last will, must be decided; and here the dates are very important. But when only one testamentary paper survives, there can be no such question.
A testamentary paper, purporting to be a devise of lands, and duly executed according to the statute, would not be revoked by a subsequent writing, purporting to be a last will and testament, but which has not the statutary requisites. The last not having the legal requisites of a devise of lands, would not repeal the first, which has the legal requisites.
So a will of chattels having no legal operation before death, if it survive not the testator, cannot repeal one which is permitted to survive. In Goodwright v. Glazier, 4 Burr. P. 2512, the Court ruled, that a former will is not reversed by a subsequent will, which is cancelled ; and *664 in Harwood v. Goodwright, 1 Cowp. 91, Lord Mansfield, in delivering’ the opinion of the Court, says, “ if a testator makes one will and does not destroy it, though he makes another at any time, virtually or expressly revoking the former, if he afterwards destroy the revocation, the first will is still in force and good.” And this ease was, on appeal to the House of Lords, affirmed.
Several cases, decided in the Ecclesiastical Courts of Great Britain, have been cited to show that the rule laid down in Hanoood and Goodwright, has not been universally admitted. In the case of Moore v. Moore, recently decided in the High Court of delegates, a different rule appears to have prevailed. But these Courts are governed by the civil, not the common law; and it appears that the civil law rule is the reverse of that laid down in Harwood and Goodwright.
By the common law the first will is presumed to be restored to its active energy by the cancelling of the second. By the civil law the first is regarded as annihilated by the second ; and it requires other evidence *4861 ^an a destruction of the second to revive the *first. In both .it -* is regarded as a question of intention, and may be controlled by other evidence.
I am best satisfied with the common law rule, and if I were not, I should not feel myself at liberty to violate the Act of the Legislature, which has made of force in this State the common law.
An attempt has been made to distinguish between wills affecting the personalty, and those affecting the realty; I have been able to discover no foundation for this distinction. If it be a question of intention, the evidence which should satisfy the mind as to the realty, ought to be sufficient to satisfy the mind as to the personalty. The' law is more re-gardful of the first than the last, and always requires stronger evidence of title.
It is said, however, that wills affecting the personalty are exclusively within the jurisdiction of the Ecclesiastical Courts of England, and therefore are governed by the civil law rule. But the Court of Ordinary in this State, is not an Ecclesiastical Court; it is established by statute, and is governed by those rules which prevail in the common law Courts, to which, there is a direct appeal given by statute, as is evidenced in this case.
But in this case, the intention of the testator has been manifested by unequivocal circumstances. The jury have found for the plaintiff, on the ground that the will drawn by Smart, as well as the one drawn by Isaac Taylor, were acquiesced in by the testator, to avoid importunity and not animo testandi; and this conclusion was fully authorized by the evidence.
The motion, therefore, must be dismissed.
• It will be understood, however, that the Ordinary is not precluded from the consideration of any other objections to the will of 1810, than such as grew out of the will of 1816. He has decided that the will of 1810 should not be admitted to probate, because the will of 1816 revoked it. In this he was wrong, and if no other objection can be made to the will of 1810, it ought to be admitted to probate; but if other objections exist, which is possible, though the Court know of none, the *665 Ordinary is not precluded by this ^decision from an examination of such objections. Motion is refused. [*48T
Bay, Nott, and Johnson, JJ., concurred.
See oases cited, ante, 279.