### *EX PARTE* WALLACE.

APPEAL—ACTION—DOWER—PROBATE COURT.—A proceeding in probate court for admeasurement of dower is an action at law, and findings of fact therein by Circuit Court on appeal from probate court are binding on this Court, and there being testimony to support such finding, judgment below is affirmed. *Held,* that a trust deed executed in 1863 by A. as his attorney in fact to W., in trust for himself and family during his life, and after her death to his children, and in his possession in 1881, recorded by him in 1894, was delivered at time of execution, and wife married since that time is not entitled to dower.

Before Jos. A. McCULLOUGH, special Judge, Richland, December, 1903. Affirmed.

Action in probate court by Fannie C. Wallace against E. Barton Wallace, Mrs. Margaret Caldwell, Andrew Wallace, Bruce Wallace and Wm. Wallace. From Circuit decree affirming probate court, petitioner appeals.

*Messrs. Lyles & McMahan* and *J. E. McDonald,* for appellant, cite: *As to effect of delivery:* American Digest, Cen. ed., vol. 16, 35, 146, 150, 138, 139, 142, 143; 1 Strob. Eq., 349; 1 Mill., 191; 2 Strob., 309; 10 Rich. Eq., 359; 9 Rich. Eq., 306; Rice Eq., 255; Dud. Eq., 14; 3 Strob., 105; 23 S. C., 89; 34 S. E., 355; 35 S. E., 856; 46 Barb., 123; 105 Mass., 562; 59 Conn., 568; 30 Wis., 646; 38 S. E. R., 848; 9 Ency., 150, 152, 156, 159, 160. *There must be an acceptance:* 16 Century Dig., 178-9; 94 Ga., 50; 12 Mass., 456. *Husband's seizin vests dower regardless of equities:* 5 S. C., 275; 28 S. C., 580; 17 S. C., 563; 17 S. C., 380;

49 S. C., 427; 2 Brev., 211; Riley's Ch., 246; 17 Cen. Dig.; 1 Bouv. Law Dic., 613; 10 Ency., 2 ed., 153; 4 Cyc., 923.

*Mr. Allen J. Green,* contra, cites: *Kind of seizin of husband in which dower attaches:* 4 Kent. Com., \*39; 10 Ency., 2 ed., 133-4; 2 Bail., 319; 2 Hill Ch., 213; 22 S. C., 451; 57 S. C., 162; 6 Rich. Eq., 72; 26 S. C., 370. *This is an action at law and this Court cannot review findings below:* 45 S. C., 494; 34 S. C., 464; 35 S. C., 273; 50 S. C., 214.

November 29, 1905. The opinion of the Court was delivered by

Mr. Justice Jones. The plaintiff brought this action to recover dower in a certain dwelling and lot containing nine acres of land in and adjoining the city of Columbia. It was not disputed that William Wallace was once seized of the premises in question, that he was married to plaintiff in 1876, and died in 1902. It appears that on February 21, 1863, pursuant to a power of attorney to him, E. J. Arthur, as attorney in fact for William Wallace, executed a deed conveying the premises to Sarah Wallace and John Wallace in trust for the use of said William and his family during his natural life, and after his death for his children. On March 3, 1864, William Wallace, as executor of his father's will, filed his return in the probate court, showing the distribution of his father's estate under the will, by which it appears that the premises in question had, at that time, been substituted as a part of the trust estate settled on him under his father's will, in lieu of his note, at the appraised value of $6,024 and $3,981 in cash paid him, and upon his return he is credited as of the 21st of February, 1863, accordingly. There was testimony, however, that the deed was in the possession of William Wallace in 1881. This deed was not recorded until July 14, 1894.

The demand for dower is based upon the contention that this deed was delivered July 14, 1894, during coverture. The Circuit Court concurs with the probate court in finding

as a fact that the said deed was delivered at the time it purports to have been executed.  This being an action at law, the conclusion of the Circuit Court on a question of fact is binding on this Court.  It cannot be said that there was absolutely no testimony to support such finding.  It must follow that the plaintiff is not entitled to dower in said premises.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.