## 9528

*IN RE* PERRY'S WILL.

(90 S. E. 401.)

Wills—Probate—Review—Incapacity of Testatrix—Evidence.—Where in a proceeding to probate a will an inference of testatrix's incapacity could be drawn from testimony describing her condition before and after the moment of signing the will, a decree finding her incapable will not be reviewed.

Before Gary, J., Lexington, September, 1915. Affirmed.

Proceeding to prove the will of Mrs. Emma E. Perry. From a decree of the Circuit Court dismissing the appeal from the order of the probate Judge refusing probate, proponents appeal.

Judge Gary filed the following decree in the Court below:

Upon notice to prove the will of Mrs. Emma E. Perry in solemn form, a paper purporting to be her last will and testament was offered for probate. Considerable evidence was offered by both the proponents of the will and by those who resisted its being admitted to probate. The probate Judge decided against the proposed will, holding that undue influence had been exerted in procuring it to be made. The proponents of the will appealed from this judgment, and the matter is now before the Circuit Court. Ordinarily a trial *de novo* should be had, but by agreement of counsel the questions are before me for determination upon the evidence offered before the probate Court.

Two questions, besides the questions as to the admission of evidence, are now before me: First. Was the proposed will void for incapacity on the part of the testator, Mrs. Emma E. Perry? Second. Is the signature to the proposed will the true signature of Mrs. Emma E. Perry, or is it a forgery? I shall consider these questions in the inverse order of their statement.

In reaching a conclusion I have been very much handicapped by reason of the fact that I am called upon to determine grave questions of fact without having before me the witnesses who are called to establish them. I am deprived of the opportunity of seeing and observing the demeanor of the witnesses on the stand—a most important privilege when called upon to determine whether or not witnesses are testifying the truth. There is little, if any, conflict as to the law.

Realizing the full import of my conclusion as to the facts, I am constrained to find that the signature to the proposed will is not the true signature of Mrs. Emma E. Perry. A comparison of this signature with those conceded to be hers will demonstrate it. It would be useless for me to specify the many points of difference, for a comparison and inspection alone will reveal them. Nor will it serve any useful purpose for me to point out the many and various circumstances that impel me to my conclusion. The result is what is desired. I will, however, give a few of the circumstances that have had weight with me: ·

It is rather remarkable, and a circumstance which I have considered, that in a town full of good people there should · have been selected as subscribing witnesses to the will three men whose reputation for truth and veracity is such that the mayor and several other citizens who know them should be willing to swear that they are unworthy of belief. Generally people are loath to testify so harshly as to their fellow citizens, and when there is such unreserved testimony along this line it is significant.

The letters written by Mrs. Perry to her sisters about three months before the proposed will is said to have been dictated by Mrs. Perry show unmistakably that Mrs. Perry had no love for some who are large beneficiaries under the proposed will, and that she thought they had no love for her and were trying to get her property at her death. Whether this was true or not makes no difference. In the absence of any evidence tending to show that she had been convinced

that she entertained an erroneous view of things, we must conclude that she continued in the same frame of mind. If she did, it was most unnatural for her to prefer those about whom she felt so strongly above her own sisters and brothers, for whom she seemed to have a real affection.

In reaching my conclusion, which was most reluctant, I have attached importance to the testimony of the trained nurse. She is supposed to be disinterested. A few hours before it is claimed the will was signed, she was discharged, notwithstanding the fact that the patient was no better and still very ill. She was called again, and remained with Mrs. Perry until the latter's death. No reason has been suggested why she would pervert the facts as to Mrs. Perry's condition as to mind and body. Her testimony alone would indicate physical and mental incapacity on the part of Mrs. Perry to make a will.

In view of all the testimony, and a careful rereading of it, I hold that the proposed will is not the will of Mrs. Emma E. Perry. Even if Mrs. Perry wrote her name, as is alleged, I hold that her act was not the result of her own will and desire, but that at the time she was not possessed of sufficient mental capacity to know what property she had or to whom she desired it to go at her death.

It is therefore hereby ordered, adjudged and decreed that the appeal herein be dismissed, and the case remanded to the probate Court for such action as may be deemed proper.

*Messrs. E. L. Asbill, Barrett Jones,. W. H. Sharpe, C. M. Efird* and *Johnstone & McLain,* for appellant, cite: *As to character of proceeding:* 74 S. C. 189; 82 S. C. 40; 86 S. C. 470, 477. *As to proof of testamentary capacity:* Page on Wills, 94, 97, 98; 7 Rich. 497; 50 S. C. 95, 105; 40 Cyc. 1004, 1008, 1009, 1011; 1 Bailey 92; 19 Am. Dec. 656.

*Messrs. Thurmond, Timmerman & Callison,* for respondents, submit: *Questions of fact in law cases are not reviewable on appeal:* 74 S. C. 191.

October 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding to prove the will of Mrs. Emma E. Perry in "due form of law." The finding of the Judge of probate was against the will. An appeal from this finding in the case was heard by Judge Frank B. Gary. His Honor found that Mrs. Perry was without capacity to make a will and that she did not sign the will. From this decree this appeal is taken.

There are five exceptions, but appellant states that there are two questions, to wit: (1) Did the testatrix have testamentary capacity? (2) Is the will forgery? In argument here, appellant says:

"Since the decision of the case of *In re Solomon's Estate,* 74 S. C. 189, 54 S. E. 207, there can be no doubt that the probate of a will is a law case. The effect of the various statutes governing the probate of wills was therein reviewed, and the underlying distinction between a case in equity and a case in law was clearly pointed out. The principles enunciated in that case have been restated and adhered to in the later cases of *Thames* v. *Rouse,* 82 S. C. 40, 62 S. E. 254, and *Mordecai* v. *Canty,* 86 S. C. 470, 477, 68 S. E. 1049.

"The principle that the Supreme Court will not review findings of fact made by the Circuit Judge in law cases is clearly understood by the appellant herein. But the rule just stated is broader than it appears in the statement. We conceive the rule to be that the Court will not review findings of fact made by the Circuit Court in a law case, except to see that the findings of fact have, in the record, evidence to

support them, and that, if the evidence relied upon to support them appears to be so contradictory as to be unworthy of belief, then there is, within the rule, no evidence to support the findings of fact.

"As was stated by the Court *In re Solomon's Estate,* 74 S. C. 191, 54 S. E. 207: 'All the cases on the subject, from *Sullivan* v. *Thomas,* 3 S. C. 531, to *Ex parte Wallace,* 73 S. C. 109, 52 S. E. 873, hold that the Circuit Court's finding of fact in a law case is final, in the sense that this Court has no power to review it, unless it is entirely unsupported by evidence.' "

Neither finding is "entirely unsupported by evidence." There is evidence to support the finding of a want of capacity. It is true that no witness states a want of capacity at the moment of signing the will, and that is the important fact. Her condition, however, is described before and after that moment. From these facts, an inference of incapacity may be drawn. That inference is not for this Court. The preponderance is not a question for this Court. There is not only evidence that Mrs. Perry did not sign the will, but that she could not have signed it. Let Judge Gary's decree be reported.

The appeal is dismissed.