## 11745

### KOLLOCK v. WILLIAMS *ET AL.*

#### (127 S. E., 444)

1. WILLS—EVIDENCE HELD TO SUSTAIN FINDING AS TO DESTRUCTION OF WILL WITH INTENT TO REVOKE AND TESTATRIX'S MENTAL CAPACITY THEREFOR.—Evidence *held* to sustain finding as to destruction *animo revocandi* of will and testatrix's mental capacity to destroy with intent to revoke.

2. WILLS—WHERE TESTATOR PERMITS DULY EXECUTED WILL TO SURVIVE HIM, IT WILL NOT BE REVOKED BY SUBSEQUENT WILL WHICH HAS BEEN CANCELED.—Where testator permits duly executed will to survive him, it will not be revoked by a subsequent will, which he has canceled, though containing a revocatory clause.

Before JOHNSON, J., Charleston, June, 1924. Affirmed.

In matter of the estate of Anne T. Williams, deceased. From order confirming judgment of Probate Judge admitting will to probate in solemn form, on petition of Charles W. Kollock and Williams Robertson, as executors, Henry T. Williams and George E. Grimball, executors c. t. a. of Trezevant Williams, appeal. Judgment affirmed.

The evidence held sufficient to support the lower Court's findings of fact fairly tends to show that, after Anne T.

Note: On admissibility of declarations of testator on issue of his intention in destroying his will, see note in 24 L. R. A. (N. S.), 180.

Williams had executed a will whereby she disinherited her heirs at law, two brothers, because of difficulties growing out of the administration of their mother's estate, and while staying with one Rosa M. Box, she became grief stricken, and executed a will, alleged by respondents to have been subsequently destroyed, by which she revoked the former will and left her property to her brothers.

Rosa M. Box testified that when deceased left her home shortly thereafter for Charleston she (Rosa) placed the will in a drawer in deceased's trunk, had the trunk sent to the station, but failed to check it, and that, on receiving a letter a day or two later from Trezevant Williams, deceased's brother, inquiring about the trunk, she checked it and sent the check to Mr. Parker. She also testified that subsequently Trezevant Williams told her that deceased had told him she made a will while at witness home, and had destroyed it.

Henry T. Williams, deceased's other brother, testified as to the difficulty between deceased, Trezevant, and himself, and, further, that he knew nothing of the second will, except what he had been told in letter from his brother, Trezevant, who died before time of trial.

The second will was not produced or otherwise accounted for.

*Messrs. Whaley, Barnwell & Grimball,* for appellant, cite: *Later will destroyed former:* 3 Code, 1922, Sections 5341, 5336. *Burden of proof is on proponent's will:* 82 S. C., 40. *And burden is on them to prove destruction of later will:* 3 Code, 1922, Sec. 534. *Effect of destruction of later will on former will:* 40 Cyc., 1214; 37 L. R. A., 561; 62 L. R. A., 383; 37 L. R. A. (N. S.), 291; 28 A. L. R., 895; 114 N. W., 470; 65 Atl., 447; 91 N. W., 670; 45 Am. Rep., 322; 8 N. E., 424. *What amounts to revocation of will:* 28 R. C. L., 169. *The nonproduction of a will raises merely a presumption of fact:* 1 Bay, 464; 2 Rich., 184; 13 Rich., 66; 84 A. C., 275; 13 Rich. Eq., 196; 22 S. C., 187. *Where capacity of person is doubtful*

*mere statement of destruction of will will not constitute
proof:* 2 Rich., 229; 3 Strob., 44; 12 Rich., 232; 12 Rich.,
24; 107 S. C., 57.

*Messrs. Hagood, Rivers & Young* and *Lionel K. Legge,*
for respondents, cite: *June will had been destroyed animo
revocandi:* 2 Rich., 184; 22 S. C., 187. *In law case find-
ings of fact are not reviewable:* 74 S..C., 189; 82 S. C.,
40; 106 S. C., 80. *When presumption of insanity arises:*
119 S. E., 126. *Where proponent's prove will burden is
on contestants to prove revocation:* 28 R. C. L., 389; 2
Nott and McC, 272. *Will can only be revoked by subse-
quent will, or by destruction thereof:* 3 Code, 1922, Sec.
341; 2 Nott & McC., 482; 20 A. L. R., 895. *Destruction
of second will revived first:* 1 Jarman, Wills, 6th Eng. Ed.,
192; 1 Alexander Wills 754, Gardner, Wills, 2nd Ed., 241;
98 Eng. Reprint 981, 317; 14 L. R. A. (N. S.), 937; 69
Penn., 189.

April 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an appeal from an order of Hon. J. Henry John-
son, presiding Judge, dated June 28, 1924, and filed June
30, 1924, confirming the judgment of the Probate Judge
of Charleston County, which admitted to probate in solemn
form the following will of Anne T. Williams, dated May
8, 1918, which had previously been admitted to probate in
common form in the Probate Court for Charleston County,
December 7, 1918:

State of South Carolina.

I, Anne T. Williams, of Charleston, S. C., being of sound
and disposing mind and memory, mindful of the uncertainty
of life, do make, publish and declare this.to be my last will
and testament, hereby revoking any other will or wills here-
tofore by me at any time made.

I will and direct that all my just debts be paid by my executors hereinafter named as soon as practicable after my death.

I will and direct that suitable tombstones of granite or marble in the discretion of my executors be placed on the lot in Magnolia Cemetery to mark the graves of my father and mother, my sister, Mrs. Sallie R. Chisolm, and her husband, Louis H. Chisolm, and myself; that a suitable coping of marble or granite in the discretion of my executors be placed around the lot and that the lot be placed in perpetual care—all this to be, next after the payment of my debts, a first charge on my estate.

I give and bequeath to my friend, Marguerite Tupper, daughter of the late Harry and Mary Bellinger Tupper, all my silver toilet articles and one-half dozen silver forks marked "A. T. T."

I give and devise to Sarah Twells Parker and Elizabeth Robertson Parker, nieces of my friend, William Robertson, and daughters of my friend and lawyer, Wm. Henry Parker, of Charleston, the following articles: to Sarah Twells Parker, my sugar dish and cream pitcher marked "W. C. W.," one of my two amethyst pins, one-half dozen silver forks marked "A. T. T.," one-half dozen silver tablespoons marked "W. C. W." and one-half dozen of my silver teaspoons which match the above forks; and to Elizabeth Robertson Parker my silver cake basket, one of my two amethyst pins, one-half dozen silver forks marked "A. T. T.," one-half dozen silver tablespoons marked "W. C. W.," and one-half of my silver teaspoons which match the above forks.

All my silver and jewelry of every kind, except the above articles specifically bequeathed, I give and bequeath to the children of my friends, Charles W. Kollock and Sarah Irvine Kollock, of Charleston, S. C., such as may be living at my death, to be equally divided between them share and share alike.

"All the rest, residue and remainder of my property, both real and personal of whatsoever kind and wheresoever situate, I give, devise and bequeath to the children of my friends, Charles W. Kollock and Sarah Irvine Kollock, of Charleston, S. C.; and to Sarah Twells Parker and Elizabeth Robertson Parker, above named; to be equally divided between them, such as shall be living at my death, share and share alike.

I nominate, constitute and appoint my friends, Charles W. Kollock, M. D., and William Robertson, Executors of this my Will, giving to them, such as shall qualify and to the survivor of them if both shall qualify, full power and authority in their or his discretion for any administrative purpose to sell the whole or any part of my estate at such time and upon such terms as they may deem advisable.

In testimony whereof, I have hereunto set my hand and seal this 8th day of May, A. D. 1918.

[Signed] Anne T. Williams. [L. S.]

Signed, sealed, and as and for her last will and testament published and declared by the testatrix above named, in the presence of us, who, in her presence and at her request and in the presence of each other, have hereunto set our names as witnesses the day and year above written.

[Signed] Eugene N. Simons.
[Signed] St. John P. Kinloch.
[Signed] Clare L. Doscher.

The exceptions, ten in number, raise these questions:

"I. That the evidence does not sustain the finding that the second will had been destroyed *animo revocandi*.

"II. That the evidence of the mental condition of the testatrix after June 15, 1918, cast such doubt upon her mental capacity to destroy the latter will, with the intention of revoking it, that the Court was not justified, under the evidence, in finding that the testatrix had so destroyed the said will.

"III. That under the evidence before the Court the burden was on the proponents tò establish by proof that the will of June 15, 1918, had been destroyed *animo revocandi,* which they had failed to do.

"IV. That the execution of the second will containing a revocatory clause operated as an immediate revocation of the will of May 8, 1918, and that therefore, even though the later will was subsequently destroyed, the former will was not thereby revived."

All questions of fact have been found against the contention of appellants by the Probate Court, concurred in by the Circuit Judge. We do not consider that our judgment should be substituted for theirs on the finding of fact found by them, as there is ample evidence to sustain their finding. *Durant v. Ashmore,* 2 Rich., 184. *Bauskett v. Keitt,* 22 S. C., 187. *In re Solomon's Estate,* 74 S. C., 189; 54 S. E., 207. *Thames v. Rouse,* 82. S. C., 40; 62 S. E., 254. *In re Perry's Will,* 106 S. C., 80; 90 S. E., 401.

Judge Johnson was clearly right in holding that the Courts of this State have adopted the common-law rule under *Taylòr v. Taylor,* 2 Nott & McC., 482.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN not participating.