### 1327

Junie (Junior) WHITE, Executor of the Estate of Samuel Kinard Chapman, Appellant v. Mary Elizabeth WILBANKS, B.F. Chapman, James Chapman, Marvin Chapman, Sarah C. Ramsey, Ruth C. Hayes, Henry Chapman, Rufus Chapman, Annie Chapman Johnson, Ned Chapman, Vance Chapman, Betty Chapman, Dorothy Chapman Belville, Donald Chapman, and Kenneth Chapman, Respondents.

(379 S. E. (2d) 298)

Court of Appeals

*Andrew N. Poliakoff* and *John R. Russell*, of *Russell & Poliakoff*, Spartanburg, *for appellant.*

*Robert A. Hammett* and *Richard H. Rhodes*, of *Burts, Turner, Hammett, Harrison, Rhodes & Thompson, David G. White*, of *Ingalls & White; James B. Drennan, III*, of *Drennan & Shelor*, Spartanburg, and *G. Michael Brackett*, of *Sherrill & Townsend*, Columbia, *for respondents.*

Heard March 20, 1989.

Decided April 24, 1989.

CURETON, Judge:

This is an appeal of a probate matter. The trial court ruled that the destruction of a 1982 will did not revive a prior will and the decedent's estate passed by intestate succession. We reverse and remand for a new trial.

Appellant, Junie White, was named executor under a 1980 will executed by Samuel Kinard Chapman. Mary Elizabeth Wilbanks was named executrix under a will allegedly executed by Chapman in 1982. The original of the latter will was never presented to the probate court. The 1980 will and a copy of the 1982 will were both offered for probate in the Probate Court for Spartanburg County. The Probate Court ruled the 1980 will was properly executed and the 1982 will had also been properly executed, but, because the original of the 1982 will was never located, it was presumed destroyed *animo revocandi*. It also held the presumed destruction of the 1982 will did not revive the 1980 will because the evidence did not show the decedent intented to revive the will.

On appeal to the circuit court, the matter was tried *de novo* before a jury. The jury's special verdict found both the

1980 and 1982 wills had been validly executed; the 1982 will had been destroyed by Chapman; but, by destroying the 1982 will Chapman did not intend to revive the 1980 will. The jury was charged concerning the revival of a revoked will under new Probate Code Section 62-2-508.

The issues on appeal are whether the circuit court committed reversible error in (1) applying provisions of the 1987 Probate Code to the trial of the case, (2) failing to charge the jury regarding the presumption against intestacy and the definition of intestacy, (3) allowing evidence of "office procedure" to prove the execution of the 1982 will, and (4) stating that Albert Smith would be a witness in the case.

We first address the issue of whether the new Probate Code should have been applied to the proceeding before the circuit court. Section 62-1-100(2) of the Probate Code provides that the Code will apply to all proceedings then pending in court "except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice...." Prior to the trial of the case the trial judge ruled the interest of justice did not require the application of former procedure and the case would be tried under the new Code. To determine whether he abused his discretion we considered the particular circumstances of this case.

White first argues former common law should have been applied to the trial of this case because another circuit court judge rejected application of the new Code in determining White was entitled to a jury trial.[1] He also argues common law should not apply to some aspects of the case and not all of it. Finally, he argues it would be unfair to apply the new Code inasmuch as the case had been pending for over a year prior to the Code's effective date and the Code should not be applied retroactively.

We agree with White the trial judge abused his discretion in applying the new Probate Code to the trial of this case. Previously another judge decided the Respondents' motion for a nonjury trial should be denied

---

[1] A jury trial at the circuit court level is not permitted for appeals under the new Code. Section 62-1-308(d).

because he apparently determined the case fit within the "interest of justice" provision of Section 62-1-100(2). Thus, it was inconsistent for the trial court to permit a *de novo* jury trial under prior Code Section 18-5-50, yet apply the new Code to other parts of the trial. Additionally, it seems to us this case presents a unique factual situation where it would be unfair to employ a presumption not in effect at the time of the act of destruction. Chapman may well have intentionally destroyed the 1982 will knowing that the law as it then existed would presumptively revive the 1980 will. In such event, the presumption under Section 62-2-508 would be employed to frustrate intent not discover it as proclaimed in the Probate Code's purposes set out in Section 62-1-102.

Section 62-2-508 reverses the case law relative to the ■ revival of a former will. Under the common law as announced by our courts the former will is presumed to be revived when a later will is destroyed, unless there is clear evidence of intention by the testator to the contrary. *Madden v. Madden*, 237 S. C. 629, 118 S. E. (2d) 443 (1961); *Kollock v. Williams*, 131 S. C. 352, 127 S. E. 444 (1925); *Taylor v. Taylor*, 11 S. C. L. 482 (1820). Under Section 62-2-508, revival of the former will is precluded unless there is "clear, cogent, and convincing evidence that the testator intended to revive or make effective the former will."

The trial judge charged the jury the provisions of Section 62-2-508. Such a reversal of the burden of proof may well have led the jury to arrive at verdicts different from those it would have concluded if the common law presumption had been charged. We therefore find error in the charge of Section 62-2-508 under the circumstances of this case.

White also asserts statutory construction would dictate the new Code should not be applied retroactively. This assertion has no merit. Section 62-1-100 provides for the retroactive application of the Code to proceedings regardless of the time of death of the decedent unless the interests of justice countermand application. White does not argue the Statute is unconstitutional.

Having determined error in the application of the new Code to this case, we hold the case must be reversed for a new trial. While we need not address White's other assignments of error, we do so nevertheless.

White claims error in the failure of the trial judge to ■ define intestacy or charge the law on the presumption against intestacy. As to the request to charge there was no error. A reading of the proposed charge shows it not only purports to define intestacy, it also contains a presumption "that a person would not die without a will." White cites no authority for the presumption and we know of none.

As further relates to the request to charge the presumption against intestacy, the cases cited by White at trial and in his brief apply the presumption to will construction cases to uphold descent of specific property under a will as opposed to intestate distribution. The cases do not utilize the presumption to determine whether a valid will exists in the first instance. *See Spell v. Traxler,* 229 S. C. 466, 93 S. E. (2d) 601 (1956); *Meir v. Meier,* 208 S. C. 520, 38 S. E. (2d) 762 (1946); *Albergotti v. Summers,* 203 S. C. 137, 26 S. E. (2d) 395 (1943).

White made a *motion in limine* to exclude evidence of ■ the office procedures of the attorneys who prepared the 1982 will. White anticipated this evidence would be offered to show the will was validly executed. The trial judge denied the motion but ruled White could make specific objections regarding the admissibility of this testimony at trial. We are unable to find a contemporaneous objection to the testimony at trial. Failure to make a contemporaneous objection makes the issue unavailable on appeal. *See State v. Floyd,* 295 S. C. 518, 369 S. E. (2d) 842 (1988) (a ruling on an *in limine* motion is not a final ruling on the admissibility of evidence). We find no error.

During the trial, attorney J. L. Smith testified that he ■ thought attorney Albert Smith gave the directions for preparing the 1982 will. When White's attorney asked J. L. why he thought Albert gave the directions, the trial judge ruled J. L. could not testify on that matter. Whereupon, J. L. was asked where Albert was on November 12, 1982. His response was he didn't know. The court inquired whether Albert was going to be a witness and J. L. said he didn't know. The judge then asked if Albert was dead. When told he was not, the trial judge remarked. "He'll be a witness." Albert Smith was not called as a witness by any party. White asserts error regarding the judge's comments.

Having made no objection, request for a curative instruction, or motion for a mistrial, White cannot now complain on appeal. *See Cudd v. John Hancock Mutual Insurance Co.,* 279 S. C. 623, 310 S. E. (2d) 830 (Ct. App. 1983) (issue not raised in lower court cannot be presented for the first time on appeal).

The decision of the trial court is reversed and the case is remanded.

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.

