23219

Junie (Junior) WHITE, Executor of the Estate of Samuel Kinard Chapman, Respondent v. Mary Elizabeth WILBANKS, B.F. Chapman, James Chapman, Marvin Chapman, Sarah C. Ramsey, Ruth C. Hayes, Henry Chapman, Rufus Chapman, Annie Chapman Johnson, Ned Chapman, Vance Chapman, Betty Chapman, Dorothy Chapman Belville, Donald Chapman, and Kenneth Chapman, Petitioners.

(393 S.E. (2d) 182)

Supreme Court

*David G. White*, of *Ingalls & White*, Spartanburg, *G. Michael Brackett*, of *Sherrill & Townsend*, Columbia, *for Mary Elizabeth Wilbanks.*

*Robert A. Hammett* and *Richard H. Rhodes, Burts, Turner, Hammett, Harrison, Rhodes & Thompson,* and *James B. Drennan, III*, of *Drennan & Shelor*, Spartanburg, *for all other petitioners.*

*Andrew N. Poliakoff* and *John R. Russell, Russell & Poliakoff*, Spartanburg, *for respondent.*

Heard March 19, 1990.

Decided May 29, 1990.

TOAL, Justice:

The dispositive issue in this case is whether the presumption against the revival of a revoked will codified at S.C. Code Ann. § 62-2-508 should be applied in this case

where the will was executed and the testator died prior to the effective date of the new Probate Code. We find that it should and therefore reverse the opinion of the Court of Appeals, *White v. Wilbanks*, 298 S.C. 225, 379 S.E. (2d) 298 (Ct. App. 1989).

## FACTS

The testator, Samuel Kinard Chapman, executed a will in 1980 naming Junie White as executor. Chapman allegedly executed another will in 1982 naming his sister, Mary Elizabeth Wilbanks, as executrix.

Chapman died in 1985. The original of the 1980 will was filed with the Probate Court. Although the original of the 1982 will was never located, a photocopy of the will was also filed. The Probate Court ruled that Chapman died intestate based upon a finding that both wills were validly executed; the 1982 will was presumed destroyed *animo revocandi*, but that this destruction did not revive the 1980 will because the evidence did not show Chapman intended to revive the will.

On appeal to the Circuit Court, the matter was tried *de novo* before a jury in 1987, after the effective date of the Probate Code. The Circuit Court ruled that Chapman died intestate. This ruling was based upon the jury's findings that both wills had been validly executed; the 1982 will had been destroyed by Chapman, but that there was no intent to revive the 1980 will.

The Court of Appeals reversed and remanded for a new trial on the grounds that the common law presumption should have been applied. We granted certiorari solely on this issue.

## LAW/ANALYSIS

Until the enactment of the Probate Code, South Carolina followed the common law rule that a former will is presumed revived by the destruction of a subsequent will, unless there is clear evidence this was not the testator's intent. The Probate Code reverses this presumption. Under S.C. Code Ann. § 62-2-508 the revocation of a subsequent will "shall not revive or make effective any former will unless it appears by clear, cogent, and convincing evidence that the testator intended to revive or make effective the former will."

The question presented on appeal is which presumption should have been applied in this case. The trial judge charged

the jury on the statutory presumption. The Court of Appeals held that the application of the statutory presumption would frustrate rather than discover Chapman's intent. The Court of Appeals, however, overlooked the mandate of S.C. Code Ann. § 62-1-100(b)(5) (Supp. 1988) which provides:

> any . . . presumption provided in this Code applies to instruments executed . . . before the effective date unless there is a clear indication of a contrary intent.

This is a separate subsection from that which governs the "procedure" to be made applicable in a particular case. S.C. Code Ann. § 62-1-100(b)(2) specifically provides that the court may consider the "interest of justice" and the "infeasibility of application of the procedure of the Code" in making this determination.

Section 62-2-508 clearly involves a "presumption" and therefore we find that subsection (5) is the governing statutory provision in this case. This subsection clearly mandates that presumptions provided in the Probate Code apply to all wills unless there is a clear indication of a contrary intent. Upon review of the record, we find no evidence showing Chapman's intent to revive the previous will and therefore find that the statutory presumption was properly applied in this case.

For the reasons discussed above, the opinion of the Court of Appeals is reversed.

GREGORY, C.J., HARWELL and CHANDLER, JJ. and WILLIAM T. HOWELL, Acting Associate Justice, concur.