23293

Annie Bell McDANIEL and Robert Monroe McDaniel, Respondents v. Della Amanda Greer GREGORY, et al., Defendants, of whom Della Amanda Greer Gregory, Mason Louise (Macie Lou) Greer Whitehead, Lillian Virginia Wilbanks, Lydia Loretta Greer Wilder, Mattie Hazel Greer Brewington, Rufus T. Holcombe, Jr., Sara Frances Holcombe Epps, McBeth Young Long, individually and as Personal Representatives of Anne Holcombe Long, deceased, Billie Sue Hawkins Brown, Wanda June Hawkins Haney, Sara Lou Hawkins Harvey, Paul David Hawkins, Don Gray Hawkins, Helen Holcombe LeMaster, Willie Edward Greer, Jr., and Sidney Maxel Holcombe are the Appellants.

(401 S.E. (2d) 863)

Supreme Court

*James B. Drennan, III*, of *Drennan, Shelor, Cole & Evins, P.A.*, Spartanburg, *for appellants.*

*Robert E. Guess*, Union, *James C. Hardin, III*, of *Kennedy, Covington, Lobdell & Hickman*, Rock Hill, *for respondents.*

Heard Jan. 22, 1990.

Decided Nov. 26, 1990.

Rehearing Denied March 11, 1991.

FINNEY, Justice:

This is a dispute over whether the pre-probate code rules or the South Carolina Probate Code should apply to the construction of a will. The trial court held that the new probate code applies. We affirm.

Laura Everette Holcombe (Holcombe) died testate on June 18, 1986. Holcombe's will devised and bequeathed the residue

of her estate to three maternal first cousins, Annie Bell Mc-
Daniel, Marion McDaniel and Robert Monroe McDaniel,
"share and share alike in fee simple absolutely." Marion Mc-
Daniel predeceased Holcombe and was survived neither by
spouse nor issue.[1]

Respondents Annie Bell McDaniel and Robert Monroe Mc-
Daniel commenced this action after July 1, 1987, pursuant to
S.C. Code Ann. §§ 15-53-10 to 30 (1976), the Uniform Declara-
tory Judgments Act, requesting the court to construe Hol-
combe's will and determine the disposition to be made of the
devise to which Marion McDaniel would have been entitled.

Respondents argue five grounds upon which they allege en-
titlement to Marion McDaniel's share. 1) Avoidance of intes-
tacy; 2) compliance with the intent of the testatrix; 3) the class
devise to decedent's first cousins required that the surviving
members of such class would acquire the share of any member
who predeceased the testatrix; 4) the South Carolina Probate
Code, S.C. Code Ann. § 62-2-604(b) (1987), prevents a lapse as
to the one-third share which would have passed to Marion Mc-
Daniel, allowing her share to pass to the respondents; and 5)
the testatrix received the devised real estate from her mater-
nal kindred; therefore, equity would suggest that exclusive
possession remain among decedent's maternal kindred.

Appellants, paternal cousins of the decedent, contend the
pre-probate code rules should be applied, allowing the lapsed
residuary gift to pass as intestate property.

The trial court ruled that the lapsed share of Marion Mc-
Daniel passed to respondents by virtue of the South Carolina
Probate Code, S.C. Code Ann. § 62-2-604(b) (1987).

The South Carolina Probate Code became effective on July
1, 1987, subsequent to Holcombe's death on June 18, 1986.
This action was commenced after July 1, 1987. The central
question on appeal is whether the South Carolina Probate
Code may be applied to this case.

Under the old probate rules, a lapsed residuary gift passes
as intestate property if the devise was not a class gift and
made to the residuary devises as tenants in common. *See*
Coleman Karesh, *On Wills* (Columbia, S.C.: S.C. Law Publish-
ers 1977) p. 81. Under the new probate code, if the residue is

---

[1] Thus, S.C. Code § 62-2-603 (1987) anti-lapse statute does not apply.

devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee, or to the other residuary devisees in proportion to their interest in the residue. Section 62-2-604(b) (1986).

Section 62-1-100(b)(5) (Supp. 1989) provides that July 1, 1987, is the effective date of the new probate code and that "any rule of construction . . . provided in this code applies to instruments executed . . . before the effective date unless there is a clear indication of a contrary intent." We hold that § 62-2-604(b) is a rule of construction and the new probate code applies in this case. *See White v. Wilbanks,* — S.C. —, 393 S.E. (2d) 182 (1990). We discern no clear indication of an intent to dispose of the decedent's property contrary to the disposition which would occur under the § 62-2-604(b) rule of construction, and find that the respondent is entitled to the lapsed share.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.