**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Taliah Shabazz, Appellant,

v.

Bertha Rodriguez, Respondent

Appellate Case No. 2016-002268

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-416
Submitted November 1, 2019 – Filed December 31, 2019

———————

**AFFIRMED**

———————

Taliah Shabazz, of Winnsboro, pro se.

R. Hawthorne Barrett and Allyce Bailey, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Taliah Shabazz appeals the jury verdict awarding her $12,500 in a personal injury case arising from a car accident with Bertha Rodriguez, arguing (1) the trial court erred by allowing Rodriguez to incorrectly state how the impairment scales were calculated in closing arguments; (2) the jury erred by considering the issue of insurance during its deliberations; and (3) she was

prejudiced by her trial counsel's alleged failure to object to the jury's question regarding insurance and alleged failure to rebut Rodriguez's closing argument.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by allowing Rodriguez to incorrectly state how the impairment scales were calculated in closing arguments: *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *White v. Wilbanks*, 298 S.C. 225, 229, 379 S.E.2d 298, 300 (Ct. App. 1989) ("Failure to make a contemporaneous objection makes the issue unavailable on appeal."), *rev'd on other grounds*, 301 S.C. 560, 393 S.E.2d 182 (1990); *State v. Black*, 319 S.C. 515, 521, 462 S.E.2d 311, 315 (Ct. App. 1995) ("The proper course to be pursued when counsel makes an improper argument is for opposing counsel to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon.").

2.  As to whether the jury erred by considering the issue of insurance during its deliberations: *Pye*, 369 S.C. at 564, 633 S.E.2d at 510 ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *White*, 298 S.C. at 229, 379 S.E.2d at 300 ("Failure to make a contemporaneous objection makes the issue unavailable on appeal."); *Small v. Springs Indus., Inc.*, 300 S.C. 481, 488, 388 S.E.2d 808, 812-13 (1990) (finding the appellant failed to preserve the issue of whether the trial court's instruction to the jury was erroneous because the appellant failed to object to the instruction).

---

[1] We address only the issues set forth in Shabazz's initial brief because Shabazz raised new issues in her final brief in violation of the South Carolina Appellate Court Rules and because Rodriguez's brief addressed only the issues raised in the initial brief.  *See* Rule 211(b)(1)-(2), SCACR (requiring the parties' final briefs be identical to their initial briefs except for the addition of references to the record and the correction of typographical errors).  Furthermore, we decline to address the final two issues in Shabazz's initial reply brief because Shabazz raised them for the first time in the initial reply brief.  *See State v. Wakefield*, 323 S.C. 189, 191, 473 S.E.2d 831, 832 (Ct. App. 1996) (stating issues raised for the first time in a reply brief should not be considered on appeal).

3.  As to whether Shabazz was prejudiced by her trial counsel's alleged failure to object to the jury's question regarding insurance and alleged failure to rebut Rodriguez's closing argument, we find Shabazz's complaints regarding her trial counsel's performance are not a proper basis for appellate review.  *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."); *State v. Carpenter*, 277 S.C. 309, 310, 286 S.E.2d 384, 384 (1982) (providing claims of ineffective assistance of counsel must be asserted under the Post-Conviction Relief Act); S.C. Code Ann. § 17-27-20 (2014) (stating the Post-Conviction Relief Act applies to persons convicted of or sentenced for a crime).

**AFFIRMED.**[2]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.