Steven M. HENSLEY and Joyce Hensley, Plaintiffs,

v.

GRANNING & TREECE LOANS, INC., a corporation, Defendant.

No. 74–48.

United States District Court, D. Oregon.

July 15, 1974.

Richard A. Slottee, Legal Aid Service, Portland, Or., for plaintiffs.

Floyd Hinton, Deich, Deich & Hinton, Portland, Ore., for defendant.

OPINION

BURNS, District Judge:

This is a "Truth-in-Lending" case in which both sides have moved for summary judgment. Plaintiffs borrowed from Defendant to finance their purchase of a family automobile. The face of the disclosure statement showed the premium which Plaintiffs were to pay for credit life and accident and health insurance, but did not show the term of such policies. Plaintiffs were, however, furnished a separate document which disclosed the term of the insurance purchased. Nor did the statement "include" the premium amounts in the box marked "Finance Charges."

Plaintiffs claim that Defendant violated the disclosure requirements of the Consumer Credit Protection Act, (15 U.S.C. § 1601 et seq.) and Regulation Z, (12 C.F.R. 226) promulgated by the Federal Reserve Board to carry out the purpose of the Act. Specifically, Plaintiffs allege three violations—one of 226.-4(a)(5) and two of 226.8(b)(5) of Regulation Z.

Section 226.4(a)(5) requires that the cost of any credit life insurance premiums be included in the finance charges total unless the conditions of 226.-4(a)(5)(i) and (ii) are met:

"(5) Charges or premiums for credit life, accident, health, or loss of income insurance, written in connection with any credit transaction, must be included in the finance charge, unless

"(i) The insurance coverage is not required by the creditor and this fact is clearly and conspicuously disclosed in writing to the customer; and

"(ii) Any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance."

It is agreed that Defendant met the requirements of 226.4(a)(5)(i); the remaining question is whether by failing to indicate on the loan form itself the term for which the premiums applied the Defendant failed to disclose the "cost of such insurance" as specified by 226.4(a)(5)(ii). Plaintiff argues that unless the term is disclosed it is impossible to determine the cost. In support of this position, Plaintiff relies upon Philbeck v. Timmers Chevrolet, Inc., 361 F.Supp. 1255 (N.D.Ga.1973). The Court there held that the term of the insurance is required to be disclosed by 226.4(a)(5)(ii) even if it is for the full term of the loan.

In interpreting 226.4(a)(5)(ii) in *Philbeck* to mean that the term of the insurance must be disclosed, Judge Moye relied heavily on Federal Reserve Board Interpretation 226.402, issued to interpret 226.4(a)(5) and (6). That "interpretative" section states:

"(a) Under 226.4(a)(5) and (6) certain disclosures of insurance premium costs, if applicable, are required. The question arises as to whether such amount of costs disclosed must include the cost of insurance for the full term of the transaction.

"(b) Under 226.4(h)[1] the cost of insurance for the full period of insurance coverage *which the creditor will require* shall be disclosed if the cost of the insurance premium is required to be included in the finance charge. However, if the cost of insurance is not required to be included in the finance charge, the cost to be disclosed need only be the cost of premiums for the term of the initial policy or policies written in connection with the transaction, accompanied by a statement of the type of insurance and the term thereof." (emphasis supplied)

I am unable to share Judge Moye's reliance on 226.402 to support the position that 226.4(a)(5)(ii) requires the term of the insurance to be disclosed when it is issued for the duration of the obligation. As I read 226.-402(b) I do not believe that it addresses itself to the situation where the insurance is for the full term of the loan and the creditor *doesn't* require insurance. The first sentence of 226.402(b), when read in conjunction with 226.4(h), requires inclusion in the finance charge of premium costs only for the period "which the creditor will require." This sentence is not applicable here because it is conceded that Defendant did not require Plaintiffs to take out the insurance. Neither is the second sentence ap-

---

1. 226.4(h) "If any insurance premium is required to be included as a part of the finance charge, the amount to be included shall be the premium for coverage extending over the period of time the creditor will require the customer to maintain such insurance . . . ."

plicable here; it applies to situations where "the cost of the insurance is not required to be included in the finance charge" and Plaintiffs here are arguing just the opposite, that the insurance charge is required to be included.

Although 226.402 was issued to "interpret" 226.4(a)(5), I find it of little or no help in this fact situation. I must interpret "cost of such insurance" as used in 226.4(a)(5)(ii) without the help of any official Federal Reserve Board interpretations.

The *Philbeck* decision has not won the approval by the Federal Reserve Board. Mr. Griffith Garwood, Advisor to the Federal Reserve Board, in an advisory letter of October 26, 1973, stated, ". . . We believe that it was not the Board's intent to add a blanket requirement to either 226.4(a)(5) or (6) by interpretation 226.402 that in all cases in which the insurance cost is disclosed the term of the obligation must also be shown. Specifically in our opinion the term of the insurance coverage need not be shown where the coverage is for the full term of the obligation."

■ Advisory letters represent only the informed view of a particular official, Ratner v. Chem. Bank N. Y. Trust Co., 329 F.Supp. 270 (S.D.N.Y. 1971), which the Court is not bound to follow. Nonetheless, in "interpreting administrative regulation whose meaning is in doubt, we must necessarily look to the construction given the regulation by the agency responsible for its promulgation." Bone v. Hibernia Bank, 493 F.2d 135 (9 Cir., 1974). Agency rulings, interpretations and opinions ". . . do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944). Nor is this rule inapplicable here simply because the Garwood advisory letter post-dated the transaction at issue in this case. I conclude that the Garwood view should prevail over that of the District Court in Georgia, where, as here, the term of the insurance was clearly made known to the Plaintiffs, even though on a separate piece of paper.

■ Plaintiffs also claim two violations of 226.8(b)(5) which requires that there be a clear identification of all property covered by the security agreement. The first claim is that the automobile covered by the security agreement is not satisfactorily described on the loan form. The form has a box in which any automobile covered by the security agreement is to be indicated. In that box appear the words, "1968 Chev" —there is no license number or any other description. The question is then whether this is a clear identification as required by 226.8(b)(5). The parties have filed affidavits which show that this transaction involved a single automobile—a 1968 Chevrolet—which is still in Plaintiffs' possession. Plaintiffs certainly know which automobile was intended. No harm can thus occur by reason of an allegedly inadequate description. Conceivably, a creditor seeking repossession might be hurt by an inadequate description, but here Defendant makes no such complaint. Plaintiffs' claim as to this first alleged violation of 226.8(b)(5) is without merit.

■ Plaintiffs also urge that 226.8(b)(5) was violated because the extent to which after acquired property was to be covered by the security agreement was not clearly disclosed as required. The loan form states, "This loan is secured by a Security Agreement which may also secure future indebtedness, and will cover after acquired property, covering the following:" The following refers to a series of boxes which, if marked, indicate what after acquired property is to be covered by the Security Agreement. None of these boxes are marked, hence the conclusion is justified that no after acquired property is to be covered, at least in the absence of such a claim by Defendant, or an allegation by Plaintiffs that they have factual grounds for justifiable fear that Defendant will assert such a claim.

For these reasons, Defendant's Motion for Summary Judgment is granted.