17 F.3d 1433
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lisa J. CANTRELL, Plaintiff-Appellant,
v.
M & M CHEVROLET, INCORPORATED; Citizens & Southern National
Bank of South Carolina, Defendants-Appellees.
Lisa J. CANTRELL, Plaintiff-Appellee,
v.
M & M CHEVROLET, INCORPORATED; Citizens & Southern National
Bank of South Carolina, Defendants-Appellants.
 Nos. 92-2013, 92-2057.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 15, 1993.
Decided Feb. 17, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Spartanburg. William M. Catoe, Jr., Magistrate Judge. (CA-91-2101-7-3K)
 James J. Raman, Spartanburg, SC, for appellant.
 Ronald L. Barbare, Greenville, SC; Ruskin C. Foster, Glenn V. Ohanesian, McKay, McKay, Henry & Foster, Columbia, SC, for appellees.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Lisa J. Cantrell appeals from the magistrate judge's order granting judgment as a matter of law to Appellees on her federal Truth in Lending claim. Appellees cross-appeal from the magistrate judge's orders awarding attorney's fees to Cantrell on her state unfair trade practices claim and denying their motion for sanctions brought pursuant to Fed.R.Civ.P. 11. We affirm in part, vacate in part, and remand.
 
 
 2
 The material facts of this case are undisputed. Cantrell purchased an automobile from M & M Chevrolet, Inc. ("M & M"), and financed the transaction with a consumer credit contract. The contract was assigned to Citizens & Southern National Bank of South Carolina ("C & S"). Cantrell alleged that the disclosure statement on the consumer credit contract was not complete because a space on the first page of the contract normally used to indicate the existence of a security interest was left blank. Cantrell admitted that she was not misled by the inadvertent omission, but claimed that the omission nevertheless constituted a technical violation of the federal Truth in Lending Act, 15 U.S.C.A. Sec. 1601 (West 1982 & Supp.1993).
 
 
 3
 Cantrell brought this action against M & M and C & S asserting the following six claims: (1) common law fraud; (2) violation of the Information and Cost Savings Act, 15 U.S.C.A. Sec. 1901 (West 1982 & Supp.1993); (3) violation of S.C.Code Ann. Sec. 56.15-10 (Law. Coop.1976 & Supp.1992); (4) violation of the South Carolina Trade Practices Act, S.C.Code Ann. Sec. 39-5-20 (Law. Co-op.1985 & Supp.1992); (5) violation of the federal Truth in Lending Act; and (6) overcharge. Appellees received a directed verdict on claims one, two, three, and six. Cantrell does not appeal those verdicts.
 
 
 4
 By consent of the parties, the case was assigned to and tried before a magistrate judge. Claims four and five were submitted to a jury. Cantrell succeeded only on the state unfair trade practices claim (claim four), for which the jury awarded her $10 or"three quarts of oil and a gasket." The magistrate judge directed a verdict for Appellees on the federal Truth in Lending claim. Cantrell appeals that order.
 
 
 5
 Based upon Cantrell's success on the state unfair trade practices claim, the magistrate judge awarded Cantrell $4,015 in attorney's fees. Appellees appeal from that award, contending that it was excessive. Appellees also appeal the magistrate judge's denial of their motion for sanctions.
 
 I.
 
 6
 We review the ruling on a motion for a directed verdict de novo. White v. County of Newberry, South Carolina, 985 F.2d 168, 172 (4th Cir.1993); Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985). Viewing the evidence in the light most favorable to Cantrell, Townley v. Norfolk & W. Ry. Co., 887 F.2d 498, 499 (4th Cir.1989), we affirm the magistrate judge's order directing a verdict for Appellees on the federal Truth in Lending claim.
 
 
 7
 Cantrell claimed that Appellees' failure to include a description of the collateral securing the loan in the "federal box" portion of the contract constituted a violation of federal law. The contract in question made the following disclosure at the top of the second page:
 
 
 8
 Security/Collateral: a more complete description of the collateral is given below: New 1990 Chevrolet Prizm 5dr Serial Number 1Y1SK7163LZ026084 List Price $12,904.
 
 
 9
 The reference to "Security/Collateral" was in bold print and the following language was plainly distinct from the other portions of the contract.
 
 
 10
 Cantrell's only basis for this appeal is that the creditor failed to place the description of the security in the federal box portion of the sales agreement. However, no provision of the Truth in Lending Act or Regulation Z requires a creditor to place a description of the collateral in the federal box. Rather, the law requires that the creditor must disclose the existence of a security interest clearly and conspicuously. 15 U.S.C.A. Secs. 1638(a)(9), (b)(1) (1988); 12 C.F.R. Sec. 226.17 (1992). As long as that requirement is met, no violation of federal Truth in Lending laws will be found. Pridegon v. Gates Credit Union, 683 F.2d 182 (7th Cir.1982); Hensley v. Granning & Treece Loans, Inc., 378 F.Supp. 841 (D. Or.1974).
 
 
 11
 Here, the creditor plainly and fully described the car in the security/collateral section of the contract. The information that would have been put in the federal box portion of the disclosure statement was the identical description of the collateral which conspicuously appeared at the top of the second page. Thus, C & S fulfilled its obligation under the Truth in Lending Act to conspicuously disclose the existence of a security interest in the car. At most, Cantrell demonstrated a minor hypertechnical omission, which Cantrell admitted did not influence her decision and does not entitle her to a windfall. See Sanders v. Auto Assocs., Inc., 450 F.Supp. 900, 902 (D.S.C.1978). Accordingly, we affirm the magistrate judge's order directing a verdict for Appellees on Cantrell's Truth in Lending claim.
 
 II.
 
 12
 Cantrell sought $47,000 in damages on six claims. She prevailed on only one of those claims, and received an award of $10 or three quarts of oil and a gasket. Nevertheless, the magistrate judge awarded Cantrell $4,015 in attorney's fees. Appellees contend that the amount of attorney's fees awarded was excessive, and that the magistrate judge abused his discretion in awarding that sum. We agree.
 
 
 13
 Attorney's fees mandated by state statute are available when a federal court sits in diversity or in the context of pendent jurisdiction. Cotton v. Slone, 4 F.3d 176, 180 (2d Cir.1993). The South Carolina Unfair Trade Practices Act ("SCUTPA") provides that if a court finds that a violation of the Act has occurred, the court shall award a reasonable attorney's fee to the successful plaintiff. S.C.Code Ann. Sec. 39-5-140 (Law. Co-op.1985 & Supp.1992).
 
 
 14
 We will not disturb a fee award absent an abuse of discretion by the trial judge. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934 (1978). The factors generally considered in determining a reasonable attorney's fee under SCUTPA include the professional standing of the plaintiff's attorneys, the nature and extent of the services rendered, the complexity of the issues involved in the case, and the beneficial results obtained for the plaintiff. Potomac Leasing Co. v. Glasco Industries, Inc., 366 S.E.2d 26, 29 (S.C. Ct.App.1988); Freeman v. A. & M. Mobile Home Sales, Inc., 359 S.E.2d 532, 538 (S.C. Ct.App.1987). Our analysis of these factors leads us to the conclusion that the magistrate judge abused his discretion in awarding Cantrell $4,015 in attorney's fees.
 
 
 15
 Cantrell's attorney certainly enjoys favorable professional standing. He is a member of numerous bar associations and committees, and has served in leadership roles in many of them. However, this case was not especially complex or difficult, as evidenced by the relatively small amount of time he devoted to the case (sixty hours) and the fact that the trial lasted only one day.
 
 
 16
 Finally, although Cantrell achieved a technical victory on her SCUTPA claim, her victory was, in reality, de minimis. Cantrell prevailed on only one of her six claims; her "success" resulted in a total award of $10 versus the $47,000 in damages she sought. Although a district court should not merely focus on the amount of the award, Bocook Outdoor Media, Inc. v. Summey Outdoor Advertising, Inc., 363 S.E.2d 390, 397 (S.C. Ct.App.1987), the court must consider the beneficial results obtained for the plaintiff. In this case, it appears that the magistrate judge abused his discretion in awarding a fee that was more than four hundred times the amount of damages Cantrell recovered. Accordingly, we vacate the magistrate judge's order awarding attorney's fees and remand that issue to the magistrate judge. Upon remand, we remind the magistrate judge to review the factors generally considered in determining a reasonable attorney's fee under SCUTPA, as in Potomac Leasing and Freeman. Furthermore, he should provide detailed findings to support any amount of attorney's fees awarded. See Barber, 577 F.2d at 226.
 
 III.
 
 17
 Appellees also cross-appealed from the magistrate judge's oral order denying Fed.R.Civ.P. 11 sanctions. Appellees moved for sanctions based on the fact that Cantrell moved unsuccessfully for summary judgment on one of her claims. However, Appellees failed to show that the motion for summary judgment was not well grounded in law or fact, or that it was interposed for improper purpose. See In re Kuntsler, 914 F.2d 505 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3702 (U.S.1991). Thus, we find that the magistrate judge did not abuse his discretion in denying sanctions, and we affirm that order. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990); Blue v. United States Dep't of Army, 914 F.2d 525 (4th Cir.1990), cert. denied sub nom. Chambers v. United States Dep't of Army, 59 U.S.L.W. 3701 (U.S.1991).
 
 
 18
 In conclusion, we affirm the district court's orders directing a verdict for Appellees on Cantrell's Truth in Lending claim and denying Rule 11 sanctions. However, we vacate the order awarding attorney's fees and remand for further proceedings.
 
 
 19
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.