THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Barry D. Mallek and Alice R. Mallek, Respondents,
v.
Delbert R. Tangeman, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Cordell Maddox, Jr., Circuit Court 
 Judge

Unpublished Opinion No.  2005-UP-040
Submitted December 1, 2004  Filed January 
 14, 2005

AFFIRMED

 
 
 
Chris B. Roberts, of 
 Greenville, for Appellant.
Donald C. Coggins, Jr., and Max Thomas Hyde, Jr., of Spartanburg, for Respondents.
 
 
 

PER CURIAM:  Delbert R. Tangeman appeals from a jury verdict in favor 
 of Barry and Alice Mallek on their breach of contract claim.  We affirm [1] pursuant to Rule 220, SCACR, 
 and the following authorities:  Hendrix v. Eastern Distribution, Inc., 
 320 S.C. 218, 464 S.E.2d 112 (1995), affg in result and vacating in part 
 316 S.C. 34, 446 S.E.2d 440 (Ct. App. 1994) (affirming court of appeals decision 
 that directed verdict motion was not preserved for review because motion was 
 not reviewed at the close of all the evidence, and vacating portion of court 
 of appeals opinion that addressed merits of directed verdict); Freeman v. 
 A & M Home Sales, Inc., 293 S.C. 255, 359 S.E.2d 532 (Ct. App. 1987) 
 (ruling appellants failure to renew motion for directed verdict after all the 
 evidence was in precluded this courts review of its exceptions questioning 
 the sufficiency of the evidence); see also Mize v. Blue Ridge Ry. 
 Co., 219 S.C. 119, 129-30, 64 S.E.2d 253, 258 (1951) (stating an issue was 
 not preserved even though the trial court explicitly approached the issue, because 
 the appellant did not mention the issue in its directed verdict motion; the 
 trial courts discussion did not have the effect of enlarging the grounds upon 
 which said motion was made.); Bayle v. S.C. Dept of Transp., 344 S.C. 
 115, 128-29, 542 S.E.2d 736, 742-43 (Ct. App. 2001) (quoting 4 C.J.S. Appeal 
 & Error § 219 (1993)) (As a general rule, the objection in the trial court 
 must have been made by the party who urges the error in the appellate court.).
 AFFIRMED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.